NORTON v. THE CITY OF ST. LOUIS, *Appellant.*

1. **Practice :** DEMURRER BY ONE DEFENDANT. Where a petition has been dismissed on demurrer, as to one of two defendants, but has not been demurred to by the other, nor adjudged insufficient as to him, it is not necessary that an amended petition should be filed in order to proceed against the latter.

2. **Municipal Corporations :** DEFECTIVE SIDEWALKS. It is the duty of a city to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon, and this duty cannot be evaded or cast upon others by any act of its own.

3. ———— : ———— : ST. LOUIS. The city of St. Louis is primarily liable for an injury occurring by reason of an unsafe pavement, notwithstanding an ordinance requiring the owner in front of whose property the accident occurred to keep the pavement in proper repair. It is not necessary that the owner of the property be joined in the suit for damages for such injury, it not being a case where the city is made liable by reason of the negligence of another, or where judgment should be recovered against another in order that the plaintiff could maintain his action and obtain judgment against the city. (2 R. S., p. 1626, sec. 9).

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*Leverett Bell* for appellant.

(1) Revised Statutes, section 3538, made it incumbent on the plaintiff below to file an amended petition, after the demurrer of the co-defendant was sustained. And no amendment having been made, it was the duty of the circuit court, when the case was called for trial, to proceed as if there was no petition in the case; and the objections made at that time by both of the defendants to the trial of the cause and to hearing any testimony, should have been sustained. (2) The city of St. Louis is not liable under the evidence in this cause, and the court below should have so instructed the jury. *Kaveny v. Troy*, 11 Cent. Rep. 342; *Springer v. Philadelphia*, 11 Cent. Rep. 401; *Kinney v. Troy*, 11 Cent. Rep. 454. (3) The city of St. Louis is not liable in this action except in case where the Connecticut Mutual Life Insurance Company is also liable. Sec. 9, art. 16, Charter of St. Louis, 2 R. S., p. 1626.

*A. R. Taylor, J. P. Dawson* and *E. C. Meservey* for respondent.

BRACE, J.—The plaintiff brought this action against the city of St. Louis and The Connecticut Mutual Life Insurance Company, to recover damages for injuries received by her from a fall on a sidewalk in front of a vacant lot on Locust street, in said city, owned by said insurance company, on which she alleges, in her amended petition, the snow and ice had been suffered to accumulate and remain for a long time in irregular and slippery masses causing the same to be unsafe and dangerous to passers thereon.

By an ordinance of the city, all persons are required to keep the paved sidewalks in front of their premises "swept and clear of mud, dirt and filth and after any fall of snow to cause the same to be immediately removed from said sidewalk into the carriage-way of the street." The defendant insurance company demurred to the petition, and its demurrer was sustained. There-after the city filed its answer to the amended petition, and the case coming on for trial on the petition and the city's answer, the defendants objected to the jury being sworn and the trial proceeding, on the ground that there was no petition in the case. This objection being overruled, they then, for the same reason, objected to the introduction of any evidence, which objection was also overruled. To these rulings of the court, the defendants excepted.

The action of the court in sustaining the insurance company's demurrer to the plaintiff's petition in no way affected the cause of action therein stated against the city. The company thereafter was in court for one purpose only, to take judgment on the demurrer, and had no right to interpose objections upon the trial of the issue of fact joined between the plaintiff and the city on the amended petition of the plaintiff and the answer thereto of the city. The petition not having been demurred to by the city or adjudged insufficient, in whole or in part, as to such defendant, nor any part of it stricken out on motion, it was not necessary that a further amended petition should have been filed under section 3538, Revised Statutes, 1879.

The evidence tended to prove that on the twenty-eighth of February, 1885, while the plaintiff, with her little child, was, with due care, passing over a paved sidewalk, on Locust street, in the city of St. Louis, she fell and broke her leg ; that, preceding the accident, snow, from time to time during the winter, had fallen upon the sidewalk, and at the place of the accident had

been suffered to remain and accumulate thereon, up to that date; that a pass-way two or three feet wide had been beaten through the snow by persons going to and fro over the sidewalk, in which, from the thawing and freezing of the snow and the tramping over it, a rough, uneven surface of ice had been formed, rendering such pass-way uneven, slippery and dangerous to passers thereon; that plaintiff slipped on this ice, and by reason thereof, while endeavoring to make her way over this rough icy pathway, fell and broke her leg; that the sidewalk had been in this bad condition nearly all winter, and no effort had been made to remove the snow and ice accumulated thereon; that its condition was known to the city authorities, or might have been known to them by the exercise of reasonable care and diligence, in time to have had the snow and ice removed, and said sidewalk rendered reasonably safe for travelers before the accident occurred.

At the close of the whole evidence, the defendant asked the court to instruct the jury that, on the pleadings and evidence, the plaintiff could not recover against the city of St. Louis, which the court refused to do, but submitted the case to the jury under instructions and the jury returned a verdict for plaintiff for one thousand dollars, and the city appealed.

It is urged for the appellant that under the provisions of sec. 9, art. 16, of the charter of St. Louis, 2 R. S. p. 1626, the city of St. Louis cannot be held liable in this action because the insurance company was not held liable. That section is as follows:

"Sec. 9. Whenever the city shall be made liable to an action for damages, by reason of the unauthorized or wrongful acts, or of the negligence, carelessness, or unskilfulness of any person or corporation, and such person or corporation shall also be liable to an action on the same account by the party so injured, the injured party, if he sue the city for damages suffered by him,

shall also join such other person or persons or corpora‑ tion so liable, if residing in the state, so that they can be served with process as a defendant or defendants in his suit, and no judgment shall be rendered against the city unless judgment is rendered against such other person or corporation so liable to be sued as aforesaid ; and if any action be brought against the city alone, and it is made to appear that any. person or corporation ought to be joined as a defendant in the suit, according to the provisions of this section, the plaintiff shall be non-suited ; but no person shall be liable under this act to be sued jointly with the city, who would not be liable to be sued separately, irrespective of its provisions. When a judgment shall be obtained against the city and the other party liable as aforesaid, execution shall issue against all the defendants in the ordinary form, but shall first be enforced and collected of the other defend- ants, and shall not be collected of the city unless the other defendants are so insolvent that the same cannot be made out of them, and in that case the city shall pay only so much of the judgment as cannot be made out of the other defendants."

This contention cannot be maintained. The city is sought to be charged in this case because of its neglect to discharge a duty it owed to the plaintiff as a traveler on one of its public streets over which it alone had exclusive power and control. It is liable, if at all, because of its own negligence, and not by reason of the negligence of any other person or corporation. "It is the duty of defendant to keep its streets in a reasonably safe condition for persons traveling thereon." . *Kiley v. City of Kansas*, 87 Mo. 103. Nor can this duty be evaded, suspended or cast upon others by any act of its own. *Russell v. Town of Columbia*, 74 Mo. 480 ; *Welsh v. City of St. Louis*, 73 Mo. 71.

Conceding that the city has the power to cause obstructions upon the sidewalk to be removed at the

expense of the owners of the ground fronting thereon ( Charter, art. 3, paragraph 9 ), and that the ordinance requiring such owners, immediately after any fall of snow, to cause the same to be removed from the sidewalk in front of their premises, is a legitimate mode of exercising that power, yet, the city could not, by passing such an ordinance, relieve itself of its duty to the plaintiff and to the public traveling on its streets of keeping its sidewalk in a reasonably safe condition for travelers thereon, or transfer or impose that duty upon another. Nor can its liability for a failure to discharge that duty be made contingent upon the liability of the citizen to the city for a failure to discharge his duty to the city in the matter of removing the snow as required by ordinance. For a neglect of this duty of the citizen, the city might impose such a penalty as would be calculated to secure its performance, if it has the power to impose such a burden ; but it could not create a liability to damages for a civil action by a private individual against one who failed to discharge the city's duty in that behalf. *Flynn v. Canton Company*, 40 Md. 312 ; *Vandyke v. Cincinnati*, 1 Disney, 532 ; *Heeney v. Sprague*, 11 R. I. 456 ; *Kirby v. Association*, 14 Gray, 249 ; *Jansen v. City of Atchison*, 16 Kan. 358.

This is not a case wherein the city is made liable by reason of the negligence of another, for which negligence such other person is also liable, does not come within the terms of the charter provisions quoted, and it was not necessary that the insurance company should have been made a party to the suit, or that judgment should be recovered against it, in order that the plaintiff should maintain her action and obtain judgment against the city.

The plaintiff's petition stated a good cause of action. The evidence tended to prove it. The issue was submitted to the jury on instructions fairly presenting the law of the case, and, finding no error in the record, the judgment of the circuit court is affirmed. All concur except BARCLAY, J., not sitting.