JENNINGS V. THE ST. LOUIS, IRON MOUNTAIN &. SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Practice:** ESTOPPEL : INSTRUCTIONS. Parties are concluded by their own instructions, whether abstractly correct, or not.

2. ———: NEGLIGENCE : CITY ORDINANCE. A railroad company is liable for an injury caused by its servants, notwithstanding plaintiff's contributory negligence in being on its track, if the observance, by it, of a city ordinance in force would have enabled its servants to see plaintiff in time to have avoided the accident.

3. **Railroads:** NEGLIGENCE. A person cannot recover damages against a railroad company for personal injuries because of its failure to maintain gates at a street crossing, in compliance with. the requirements of an ordinance, where the absence of the gates, has no causal connection with the injury.

4. **Practice:** NEGLIGENCE : INSTRUCTION. An instruction, declaring it to be the duty of a railroad company to erect and maintain gates on both sides of its "track" at a street crossing, is misleading, where there are many tracks at such crossing, and the city ordinance only requires "gates on both sides of its tracks," at the crossing.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

REVERSED AND REMANDED.

*Bennett Pike* and *Henry G. Herbel* for appellant.

(1) The demurrer to the evidence at the close of plaintiff's case should have been sustained, and the court committed error in overruling the same. *Harlan v. Railroad,* 64 Mo. 482; *Maher v. Railroad,* 64 Mo. 260; *Zimmerman v. Railroad,* 72 Mo. 476; *Lenix v. Railroad,* 76 Mo. 86; *Powell v. Railroad,* 76 Mo. 80; *Railroad v. Heilman,* 49 Pa. St. 60; *Railroad v. Beale,* 73 Pa. St. 504; *Railroad v. Crawford,* 24 Ohio St. 631; *Dascomb v. Railroad,* 27 Barb. 521; *Wilcox v. Railroad,* 39 N. Y. 358; *Railroad v. Houston,* 95 U. S. 697; *Taylor*

*v. Railroad*, 86 Mo. 462–3; *Yancey v. Railroad*, 93 Mo. 433. (2) The court committed error in not setting aside the verdict, on the ground stated in the motion for a new trial, that said verdict should have been for the defendant. Cases cited under first point. (3) The court erred in giving the instructions asked by plaintiff. *Henry v. Railroad*, 76 Mo. 293; Wharton on Neg. 200, secs. 134–138; *Mathison v. Mayer*, 90 Mo. 585; *Stone v. Hunt*, 13 West. Rep. 698; *Stoher v. Railroad*, 91 Mo. 509; *Dowling v. Railroad*, 88 Mo. 293; *Bank v. Crandall*, 87 Mo. 209; *Railroad v. Houston*, 95 U. S. 703. The court erred in refusing to give the first instruction asked by defendant.

*Kehr & Tittmann* for respondent.

(1) Running the train in violation of the ordinances was negligence *per se. Karle v. Railroad*, 55 Mo. 476; *Norton v. Ittner*, 56 Mo. 351; *Maher v. Railroad*, 64 Mo. 267; *Bowman v. Railroad*, 85 Mo. 533; *Bergman v. Railroad*, 88 Mo. 682; *Keim v. Railroad & Transit Co.*, 90 Mo. 314; *Merz v. Railroad*, 88 Mo. 672; *Rafferty v. Railroad*, 91 Mo. 33; *Donahue v. Railroad*, 91 Mo. 357. In running through towns and cities and over public crossings, railroads must exercise care and caution commensurate with the risk of accidents at such places. *Hicks v. Railroad*, 64 Mo. 430; *Frick v. Railroad*, 75 Mo. 595: *Donahue v. Railroad*, 83 Mo. 555. (2) There is no contributory negligence in the case. *Thompson v. Railroad*, 51 Mo. 190; *Buesching v. Gaslight Co.*, 73 Mo. 219; *Flynn v. Railroad*, 78 Mo. 195; *Stephens v. Macon*, 83 Mo. 345; *Crane v. Railroad*, 87 Mo. 588. Plaintiff had a right to presume that the railroad company would obey the ordinances, and, if it intended to back the train over a public street, would observe the precautions provided for his safety. *Johnson v. Railroad*, 77 Mo. 546; *Petty*

*v. Railroad*, 88 Mo. 306–19; Beach on Contributory Negligence, p. 459. (3) The defendant asked two instructions on the subject of contributory negligence. They are identical in language, except that the second contains a qualification allowing the plaintiff to recover if the defendant, after discovering his peril, failed to use all reasonable means in its power to avoid striking him. Without the qualification, the instruction was erroneous. *Johnson v. Railroad*, 77 Mo. 546. As the instruction with the qualification was asked by the defendant, and the court gave it, as asked, appellant cannot object or except to the refusal of an instruction omitting the qualification, and, therefore, inconsistent with the one given at its instance; but, by adding the qualification, the instruction was made to conform to a long line of decisions in this state. *Werner v. Railroad*, 81 Mo. 368; *Scoville v. Railroad*, 81 Mo. 434; *Keim v. Railway & T. Co.*, 90 Mo. 314. (4) Plaintiff's instructions are correct.

PER CURIAM.—Plaintiff sues for damages sustained at one of defendant's railway crossings in St. Louis, by reason of alleged negligence on defendant's part.

The answer is a general denial.

Defendant's fault, as charged, consisted in the violation of municipal ordinances requiring gates and a flagman at the crossing, a watchman at the end of a backing train, a crew of brakemen thereon, and constant ringing of the engine bell.

It appeared at the trial that some thirty railway tracks crossed Lesperance street. They run north and south. The street runs east and west. There are two main tracks, called the north-bound and south-bound. Plaintiff was hurt on the track, which was the third, west of the west main track. On the track next west of the west main track was a standing line of freight cars beginning in the roadway of Lesperance street, extending, thence, a considerable distance southward, and

cutting off the view in that direction of persons going westward while east of that track.

The second track west of the west main track was clear. The distance between the standing cars on the track next west of the main track, and the third track west (where the accident occurred), was about twenty feet. The injury took place about 9:30 a. m., in May.

Plaintiff, among other things, testified that he was there on business; familiar with the locality; sometimes crosses the tracks several times a day. That morning he talked some time to some parties a little distance east of the main tracks. An express train (some distance off) was observed coming south on the main line. He started west; crossed the main tracks; before doing so, looked up and down the tracks; saw no train west of the stationary freight cars; passed these cars, then turned to look at the express train; while in that position was struck by a freight car backing northward.

It will be assumed for the purpose of this hearing that there was evidence tending to show negligence on defendant's part in failing to obey the municipal ordinances in the particulars mentioned in the first instruction given for plaintiff by the court, which was as follows: "If the jury believe from the evidence that the plaintiff was struck and injured by any freight car or cars, propelled by steam power and operated by defendant, and was so struck in Lesperance street within the limits of the city of St. Louis; that, when so struck by said car or cars, there was no gate on either side of defendant's track at Lesperance street, or that no flag was displayed, or that said car, or train of cars, was backing without having a man stationed on top of the car at the end of the train farthest from the engine, or without having the bell constantly sounded whilst the train was moving, or without having the brakemen of said cars or train at their posts of duty; and if the jury further believe from the evidence that plaintiff's said

injuries were directly occasioned by either of said causes, or all or any of them combined, without fault on his part, then the jury will find the issues herein for plaintiff, and assess his damages as indicated in the next instruction."

There was some conflict of testimony regarding the particulars of plaintiff's conduct just prior to the injury.

Having noted some of the material parts of his own statement on that subject, the other evidence need not be stated at length, in the view we take of this case.

At the close of the trial the court gave further instructions as follows:

For plaintiff, number 2: "If the jury find for plaintiff, they will assess his damages at such sum as they think will compensate him for the injury sustained, and, in estimating the damages, they may take into consideration, not only the mental anguish, and bodily pain and suffering already experienced by plaintiff, and the time lost, and the expense incurred by him in consequence of the injury, but also any future pain and suffering, loss of time and expense resulting from the injuries, and, if they believe that he has been disabled from making a support for himself, or his capacity to earn a living in the future has been decreased by reason of the injury sustained, then they may also take that fact into consideration, and assess plaintiff's damages at a sum not exceeding twenty-five thousand dollars, the amount claimed in his petition herein."

For defendant: "If the jury find from the evidence that plaintiff at the time of the accident was standing or was on a track of defendant, at the public crossing at Lesperance street, in the city of St. Louis, where cars and trains of cars were frequently passing, it was his duty to keep a vigilant look-out both ways, and to look constantly up and down the track for approaching trains, for engines and cars, and to listen for the

same, and if the jury find from the evidence that he did not do so, and was struck by a car or train of defendant in consequence of such failure to look and listen, he cannot recover in this action, unless the jury further find from the evidence that the servants of defendant in charge of said cars or train, after discovering the peril in which plaintiff was, failed to make use of all reason-able means in their power to avoid striking him, and that he was struck in consequence solely thereof."

The jury found for plaintiff, and after the usual steps defendant appealed.

I.   Defendant insists that the judgment should be reversed without remanding the cause. But this could not properly be done in view of the instruction given at the instance of defendant presenting to the jury a well-defined theory on which a recovery by plaintiff might be predicated. Parties are concluded by the instructions they ask to be given, whether abstractly correct or not.

II.   On the facts here disclosed we consider that the trial court did not err in submitting to the jury the issue of plaintiff's negligence, but under the municipal ordinances of St. Louis offered in evidence his negligence, if found, would not be conclusive against him. If the jury found him guilty of a want of ordinary care in the circumstances, he might yet recover on the theory outlined by the defendant's own instruction given in this cause, if no other. *Kelly v. Union Ry. Co.*, 95 Mo. 279.

III.   But the instruction number 1 given for plaintiff authorized a recovery by him if there was no gate on either side of defendant's "*track*" at Lesperance street.

There are some thirty tracks crossing this street at short intervals and plaintiff was within their limits before the movement of any train mentioned in evidence which could have led to the closing of gates, had there been any. He stopped near the main tracks and

engaged in a short conversation; then moved along the street westward until struck. Had there been gates on each side of the group of tracks, therefore, they could have had no effect on his movements. Their absence cannot justly be said to have any causal connection with his injury. The instruction is clearly wrong in using the word "track," from which the jury might fairly infer that gates at each track were required, whereas the ordinance only requires gates "on both sides of its tracks" on that street.

IV. On the retrial, which will now be necessary, the court can remove any just cause for criticism of the instruction on the measure of recovery by eliminating any of the elements of damages that may then appear to be unsupported by testimony.

The judgment is reversed, and the cause remanded. RAY, C. J., not sitting; SHERWOOD, J., absent.