Walsh v. St. Louis Drayage Co.

---

WILLIAM WALSH, Respondent, v. ST. LOUIS DRAYAGE COMPANY, Appellant.

**St. Louis Court of Appeals, April 1, 1890.**

**Practice, Appellate:** NON-PREJUDICIAL ERROR. Although it is erroneous for a trial court to give an oral instruction to the jury, still, the instruction is not prejudicial, and is not ground for the reversal of the judgment appealed from, if it relates wholly to a conceded matter.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

*Henry B. Davis*, for the appellant.

*Willis H. Clark*, for the respondent.

Rombauer, P. J., delivered the opinion of the court.

This is an action for personal services as a teamster, and was originally instituted before a justice of the peace. The account filed claims a balance due of seventeen dollars and fifty cents for two weeks' services at ten dollars per week, less a credit of two dollars and fifty cents for cash paid. The defendant tendered before the justice of the peace to the plaintiff one dollar and sixty-five cents as a balance due him, and renewed the offer in the circuit court, its counsel admitting in his opening statement to the jury that that amount was justly due. On trial in the circuit court the plaintiff recovered a judgment for fourteen dollars and fifteen cents. The defendant, appealing, assigns for error that there was no evidence of a contract for a stated compensation, on the part of anyone authorized to bind it, and no proof of the value of the services rendered; that the court erred in refusing an instruction that the plaintiff's recovery was limited to the one dollar and sixty-five cents, admitted to be due, and further erred in giving an oral instruction to the jury.

The plaintiff testified that he was employed by the defendant's foreman at ten dollars per week, and that the foreman hired all teamsters; that Henseler, who was shown to have signed the recognizance on appeal from the justice as president of the defendant company, saw the plaintiff at work frequently, and paid him by checks on Saturdays at the rate of ten dollars a week, and that he, plaintiff, claimed in this action only for days on which he did work for the company and for

which he remained unpaid. This evidence, coupled with the admission on the part of the defendant that it did owe the plaintiff some amount for services as a teamster during the period of employment sued for, was sufficient to make out a *prima facie* case for the plaintiff, that he was hired at an agreed compensation, and that the amount he recovered was due him. The court, therefore, properly refused the defendant's instruction, that the plaintiff's recovery under the evidence was limited to one dollar and sixty-five cents.

After the case was argued to the jury, the court said to them: " Gentlemen of the jury, under the evidence and instruction, you are bound in any event to find a verdict for the plaintiff, and the only question is as to the amount that you may find under the evidence. I have prepared for you a blank form of verdict which you may use."

Instructions under our statute must be in writing, but the supreme court has frequently decided, that erroneous instructions are no ground for reversal, where the facts are conceded. If, therefore, the oral instruction to the jury that they must find for plaintiff was erroneous, because oral, it would furnish no ground for reversal, because it was touching a conceded fact, namely, that the only question for the jury to pass upon, was not the right of plaintiff's recovery, but its extent. The judgment is affirmed. All concur.