D. W. JELLY, Respondent, v. CHRISTIAN PIEPER, Appellant.

St. Louis Court of Appeals, April 7, 1891.

Negligence: HIGHWAYS: MUNICIPAL ORDINANCE. An ordinance of the city of St. Louis required every person, who made any excavation in or adjoining any public street, to fence the same with a substantial fence not less than three feet high, etc. *Held* that such an ordinance can only be made the basis of a civil liability when it rests upon, and has for its object, the enforcement in a particular way of an obligation imposed by the general law; and *held*, further, that the ordinance came within this principle, in that an obligation to guard such an excavation existed at common law, and the ordinance merely prescribed that this obligation should be discharged in a certain manner.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk*, for appellant.

*T. J. Rowe*, for respondent.

BIGGS, J.—The defendant is the owner of a rock
quarry on a lot adjoining Carr Lane street in the city of
St. Louis. He made an excavation on the lot about
eighteen or twenty feet deep, which extended to the line
of the street. On the night of the twentieth of August,
1887, plaintiff's horse fell into this excavation from Carr
Lane street. The animal was so injured by the fall,
that it had to be killed. In this action the plaintiff
sued for its value, and he recovered a judgment for
$87.50. The defendant has appealed.

The negligence, which was stated in the petition,
and upon which a recovery was had, was the failure of the
defendant to comply with the following city ordinance :
"Every person, who shall make, or cause to be made,
any excavation in or adjoining any public street, alley,
highway or public place, shall cause the same to be
fenced in with a substantial fence not less than three
feet high, and so placed as to prevent persons, animals
or vehicles from falling into said excavation, and every
person making, or causing to be made, any such excava-
tion," etc.

That defendant was the owner of the lot, and made
the excavation up to the line of Carr Lane street, is not
disputed. Nor is it pretended that there was a compli-
ance, or an attempted compliance, with the require-
ments of the ordinance.

The court gave the following instruction, of which
the defendant especially complains : "The court

instructs the jury that, if they believe from the evidence that the defendant, on or before the twentieth day of August, 1887, made a deep and dangerous excavation in or immediately along the line of, and adjoining, Carr Lane street, in the city of St. Louis, and that said street was at said date a public highway of said city, and that, on the twentieth day of August, the defendant did not cause said excavation to be fenced on the side thereof adjoining said street with a substantial fence at least three feet high, and that, by reason of the defendant's failure to fence said excavation, plaintiff's horse fell into the same on said day from a point on or along the line of Carr Lane street, and that said animal was so seriously injured by reason of said fall that its life could not be saved, and that it was shot, and that plaintiff was without fault or negligence on his part, then the jury should find for plaintiff and assess his damages," etc.

The only contention made by the defendant is that the ordinance undertakes to *create a liability* where none existed under the general law ; hence its violation could not be made the basis of a civil action between private citizens.   In support of this position his counsel rely on the case of *Norton v. City of St. Louis*, 97 Mo. 537, and *Eisenberg v. Railroad*, 33 Mo. App. 85.

We believe it to be a correct legal proposition that the violation of a municipal ordinance, like the one under consideration, can only be made the basis of an action between third parties, when the ordinance or regulation rests upon, and has for its object, the enforcement (in a particular way) of an obligation imposed by the general law.

In the case of *Norton v. The City of St. Louis*, *supra*, the liability of a property-owner for damages to a third person for failure to keep the sidewalk in front of its premises clear of ice and snow, as required by the city ordinance, was incidentally discussed.   The Connecticut Mutual Life Insurance Company allowed snow and ice to accumulate on the sidewalk in front of

its premises. The plaintiff in passing over the sidewalk slipped and fell, causing serious personal injuries. There was an ordinance of the city, requiring all property-owners to keep the sidewalks in front of their premises clear of mud, dirt and filth, and, after any fall of snow, to cause the same to be immediately removed, etc.

The circuit court held, on demurrer, that the insurance company was not liable to the plaintiff for the injuries received. On an appeal by the city, the supreme court, in discussing the effect of the ordinance in respect of the liability of the insurance company, said: "For the neglect of this duty of the citizen the city might impose such a penalty as would be calculated to secure its performance, if it has the power to impose such a burden, but it could not *create* a liability to damages for a civil action by a private individual against one who has failed to discharge the city's duty in that behalf," citing *Flynn v. Canton Co.*, 40 Md. 312; *Vandyke v. Cincinnati*, 1 Disney, 532; *Heeney v. Sprague*, 11 R. I. 456; *Kirby v. Association*, 14 Gray, 249; *Jansen v. City of Atchison*, 16 Kan. 358.

The ruling of the court in respect of the nonliability of the insurance company could not have been otherwise. It was based upon the idea, that the deposit of snow and ice on the sidewalk was from natural causes, and was in no way attributable to the acts of the insurance company. As the common law, under such a state of facts, failed to afford Mrs. Norton a right of action against the insurance company, the supreme court very properly held that the city of St. Louis could not *create* one in her favor. This doctrine in no way militates against the well-settled principle, that, whenever a party causes or creates a nuisance or obstruction in a public street, he is responsible in damages for special injury received in consequence thereof. If it had appeared that the ice had accumulated on the sidewalk from the negligence of the insurance company

in discharging water onto the sidewalk from pipes leading from its building or premises, a different case would have been presented, and we apprehend that there would have been a different ruling.

In the case of *Eisenberg v. Railroad, supra,* the court held that the city ordinance in reference to excavations was irrelevant in that case, because it appeared that the excavation complained of was on the private grounds of defendant, and was not near or adjoining a public street, and that, for this reason, the company could not be held for the violation of the ordinance. The true ground of liability ( if there was any ) was necessarily predicated on the failure of the company to keep its grounds in a condition reasonably safe for those who had occasion to come on the premises. Hence this court held, and properly so, that the ordinance, as a matter of evidence, was irrelevant to the issues in that case.

It is manifest that the foregoing decisions in no way support the defendant's position. Here we have a very different case. It is conceded that the defendant's rock quarry was located on a lot adjoining a public street, and that the defendant had made an excavation fifteen or twenty feet deep, which extended to the very edge of the street. Under such a state of facts, the general law imposed on the defendant the duty of erecting some kind of a barrier which would be reasonably sufficient to prevent persons or animals passing along the street, from falling into the quarry. We find this principle stated in Shearman and Redfield on Negligence, section 505, as follows : " The occupant of land is under no obligation to strangers to place guards around excavations made by him, unless such excavations are so near a public way as to be dangerous, under ordinary circumstances, to persons passing upon the way and using ordinary care to keep upon the proper path, in which case he must take reasonable precautions to prevent injuries happening therefrom to such persons."

This seems to be the well-settled law both in England and America. In *Barnes v. Ward*, 9 C. B. 392, it was decided that the owner making an excavation on his own land, but adjoining a public highway, and rendering the road unsafe, is liable to an action for damages to one injured by reason thereof. The same rule has been generally adopted by the courts of the different states (*Norwich v. Breed*, 30 Conn. 535 ; *Beck v. Carter*, 68 N. Y. 283 ; *Homan v. Stanley*, 66 Penn. St. 464 ; *Stratton v. Staples*, 59 Me. 94; *Young v. Harvey*, 16 Ind. 314 ; *Coggswell v. Lexington*, 4 Cush. 307 ), and also by the supreme court of the United States ( *Hayes v. Railroad*, 111 U. S. 228 ). In *Hayes v. Railroad*, *supra*, Justice MATHEWS, in treating of the identical question now under consideration, said : " The enforcement of this rule in regard to excavations made by proprietors of lots adjacent to streets and public grounds in cities and towns, in the prosecution of building enterprises, and in the construction of permanent areas for cellar ways, is universally recognized as an obvious and salutary exercise of the common police powers of municipal government; and the omission to provide barriers and signals, prescribed by ordinance in such cases for the safety of individuals in the use of thoroughfares, is a failure of duty, charged with all the consequences of negligence, including that of liability for personal injuries of which it is the responsible cause."

The foregoing authorities render the defendant's contention untenable. The ordinance did not *create* a cause of action against the defendant. It only provided that the defendant as the owner of the rock quarry should discharge his legal obligation to the public in a certain way. He failed to observe its requirements, and if the plaintiff's horse received injuries in consequence of such failure, the right of action was complete. The circuit court proceeded on this theory, in which we

think it was right. This conclusion is strengthened and supported by analogous cases in this state, wherein the violation of a city ordinance in reference to the operation and regulation of steam and street railways has been made the basis of actions for personal injuries. *Jennings v. Railroad*, 99 Mo. 394; *Schlereth v. Railroad*, 96 Mo. 509; *Keim v. Railroad*, 90 Mo. 314.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.