THE CITY OF ST. LOUIS, *Appellant*, v. THE CONNEC-
TICUT MUTUAL LIFE INSURANCE COMPANY.

DIVISION ONE.

**Municipal Corporations,:** DEFECTIVE SIDEWALKS : LIABILITY OF ABUTTING OWNER. The owner of property fronting on a street is not liable to the city for damages recovered of the latter by one

The City of St. Louis v. The Connecticut Mut. Life Ins. Co.

for injuries received by falling on the ice on the sidewalk in front of such property, notwithstanding an ordinance of the city required the owner to keep his sidewalk free from ice and snow and prescribed a penalty for its violation.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*W. C. Marshall* for appellant. ;

(1) Section 1, article 17, chapter 14, of the Revised Ordinances of the city of St. Louis, 1881, and ordinance 12179, are valid and binding ordinances, and were properly and legally adopted by the city of St. Louis in pursuance of paragraph 14, section 26, of article 3, of the city charter, and as a part of the power given to the city by the legislature to make police regulations, designed to promote the good government, health and welfare of the city. *In re Goddard*, 16 Pick. (Mass.) 504; *Railroad v. Cambridge*, 11 Allen (Mass.) 287; *Kirby v. Market Ass'n*, 14 Gray (Mass.) 252; *Bonsall v. Mayor*, 19 Ohio, 418; *Paxon v. Sweet*, 13 N. J. (1 Green) 196; *Mayor v. Maberry*, 6 Hump. 368; *Washington v. Mayor*, 1 Swan. (Tenn.) 177; *Woodbridge v. Detroit*, 8 Mich. 274; *White v. Mayor*, 2 Swan. 364; *Boston v. Shaw*, 1 Metc. 107; *Lowell v. Hadley*, 8 Metc. 180; *Lowell v. French*, 6 Cush. 223; *Vandyke v. Cincinnati*, 1 Disney, 532; Cooley's Const. Lim. [5 Ed.] 727. (2) There is no doubt of the power of the legislature, or of the municipalities deriving their power from the legislature, to make police regulations designed to promote the health and morals of the community. *St. Louis v. Fitz*, 53 Mo. 582. (3) The laws of a state, and the ordinances of a city chartered by a state, are from a common source of authority. One class presents it in a direct, the other in a delegated, form. *State v. De Bar*, 58 Mo. 395. See *Carthage v. Frederick*, 25 N. E. Rep. 480. (4) This case has

virtually been decided by the case of *Norton v. St. Louis*, 97 Mo. 537. (5) It would be impossible for the city to cause the ice and snow to be removed from the sidewalks after each fall of snow or after each freeze. (6) The right of the city to recover the amount paid under similar circumstances has been fully sustained. *Brookville v. Arthurs*, 18 Atl. Rep. 1076.

*Lee & Ellis* and *Montague Lyon* for respondent.

Not only was the respondent not liable for damages in the action brought by Mrs. Norton, as was held by this court, but it is not now liable in damages to the appellant. The only redress which appellant might have been entitled to obtain from the respondent was the penalty or fine imposed and prescribed by ordinance. 2 Dillon on Mun. Corp. [4 Ed.] sec. 1012, p. 1272; sec. 1035, p. 1312; sec. 1036, p. 1314. The appellant was bound to remove the snow and ice, and, by suffering a liability for its negligence, it was not entitled to recover from respondent any amount paid. *Norton v. St. Louis*, 97 Mo. 537; *Kirby v. Market Ass'n*, 14 Gray (Mass.) 249; *Vandyke v. Cincinnati*, 1 Disney, 532; *Heeney v. Sprague*, 11 R. I. 456; *Flynn v. Canton Co.*, 40 Mo. 312; *Moore v. Gadsden*, 93 N. Y. 12; 87 N. Y. 84; *Russell v. Canastota*, 98 N. Y. 496. See, also, *Heeney v. Sprague*, 11 R. I. 456, to substantially the same effect. The respondent was in no way the author of the nuisance, and, therefore, inasmuch as the appellant does not claim that the respondent was the author of the act whereby Mrs. Norton was injured, there was no right of action over against the respondent in favor of the appellant. 2 Black on Judgments, sec. 575, p. 686; *City v. Morrison*, 42 Hun (N. Y.) 216; 2 Shearman & Redfield, Negligence [4 Ed.] sec. 343, p. 24. The remedy which Mrs. Norton had for the damages sustained by her in consequence of her fall on the snow

and ice, solely the result of natural causes, was exclusively against the inhabitants of the appellant city in their corporate capacity. *Kirby v. Market Ass'n*, 14 Gray (Mass.) 249. The case of *Borough of Brookville v. Arthurs*, 130 Pa. St. 501; 18 Atl. Rep. 1076, cited by appellant, is in entire keeping with the views expressed by Judge DILLON, and which we contend for.

BRACE, J.—This is an appeal from the judgment of the circuit court sustaining a demurrer to plaintiff's petition. The cause of action set up in the petition is that the plaintiff by the final judgment of the circuit court of the city of St. Louis was compelled to pay one, Mattie C. Norton, the sum of $1,291.18 damages and costs for injuries received by her from a fall in passing over a sidewalk on Locust street in said city in front of defendant's property, made dangerous and unsafe by an accumulation of snow and ice thereon which the defendant suffered and allowed to remain, in violation of the city ordinances, wherefore the city asks judgment for the amount it was so compelled to pay. The ordinances recited in the petition require the owners to keep the sidewalk and gutters in front of their property clean, and after any fall of snow to cause the snow to be immediately removed from the sidewalk fronting their property into the carriage way of the street, and declare any person failing to comply with this requirement guilty of a misdemeanor, upon conviction of which such person is to be fined not less than $5 nor more than $20.

Before the judgment against the city in favor of Mrs. Norton became conclusive, the case was reviewed on appeal in this court. *Norton v. City of St. Louis*, 97 Mo. 537. In that case the city undertook to devolve upon the defendant here primary liability for the injuries Mrs. Norton received by reason of the unsafe and dangerous condition of the sidewalk on which she fell.

We there held that it was the duty of the city to keep its sidewalks in a reasonably safe condition for persons traveling thereon and that it could not evade or cast this duty upon others, and took occasion to say : " Conceding that the city has the power to cause obstructions upon the sidewalk to be removed at the expense of the owners of the ground fronting thereon ( Charter, art. 3, sec. 21, par. 9), and that the ordinances requiring such owners immediately after any fall of snow to cause the same to be removed is a legitimate mode of exercising that power, yet the city could not, by passing such an ordinance, relieve itself of its duty to the plaintiff and to the public traveling on its streets, of keeping its sidewalks in a reasonably safe condition for travelers thereon, or transfer or impose that duty upon another ; nor can its liability for a failure to discharge that duty be made contingent upon the liability of the citizen to the city for a failure to discharge his duty to the city in the matter of removing the snow as required by ordinance. For a neglect of this duty of the citizen, the city might impose such a penalty as would be calculated to secure its performance, if it has the power to impose such a burden ; but it could not create a liability to a civil action for damages by a private individual against one who failed to discharge the city's duty in that behalf."

While there is respectable authority for the position that a municipal corporation cannot impose upon the citizen the obligation to keep the public sidewalk in front of his premises free from obstruction by snow, etc., at his own expense (*Gridley v. City of Bloomington*, 88 Ill. 554 ; *Chicago v. O'Brien*, 111 Ill. 532 ), the weight of authority is, however, the other way, and in favor of the position tentatively stated in the foregoing *dicta*, as to such power ( many of the cases are cited in brief of plaintiff's counsel ). From the exercise of this power by the city through its ordinances creating such

The City of St. Louis v. The Connecticut Mut. Life Ins. Co.

a duty upon the part of the defendant in the present case, counsel for plaintiff deduce the conclusion, that, for a failure of the defendant to discharge its duty to the city under the ordinances, the city has a right over to recover back from the defendant the damages it was compelled to pay to Mrs. Norton. But this does not follow. The damages recovered by Mrs. Norton were for a breach of the city's duty to keep its streets reasonably safe from defects resulting from the operation of natural causes. To Mrs. Norton the defendant owed no such duty. The only duty it owed, in regard to the sidewalk, was to the city; that duty was created by the city in its ordinances in which it prescribed for itself and its citizens the measure of damages for its neglect, in the penalty imposed for their violation. The damages the city was compelled to pay may have been the result of its failure to promptly and efficiently enforce its ordinances. But it was its duty to enforce them, and not that of the citizen; the duty of the citizen is to obey, and, if he fail to obey, to pay the penalty which the city imposes for such failure, and not the damages which the city may be compelled to pay for its neglect to perform its duty.

The doctrine on this subject is tersely stated in 2 Shearman & Redfield on Negligence, section 343, as follows: "An abutting owner, as such, owes no duty to maintain the street or sidewalk in front of his premises, and is not responsible for any defects therein which are not caused by his own wrongful act. He may, consequently, like any other person using the sidewalk in front of his premises, recover for an injury from a defect therein against the city whose duty it was to keep it in repair. The fact that he violates a city ordinance, which requires abutting owners to remove snow and ice from the sidewalk in front of their premises within a certain time after their accumulation, does not render him liable to one injured by falling upon such snow and ice, nor to the

city which had suffered judgment for the same injury."
In support see: *Kirby v. Market Ass'n*, 14 Gray, 249 ;
*Vandyke v. Cincinnati*, 1 Disney, 532 ; *Heeney v.
Sprague*, 11 R. I. 456 ; *Flynn v. Canton Co.*, 40 Md.
312 ; *Moore v. Gadsden*, 93 N. Y. 12 ; *City of Hartford
v. Talcott*, 48 Conn. 526 ; *City of Keokuk v. District of
Keokuk*, 53 Iowa, 352 ; 2 Black on Judgments, sec. 575 ;
2 Dillon on Mun. Corp. [4 Ed.] secs. 1012, 1035. We
have found no case in conflict with the doctrine thus
stated. The case of *Borough of Brookville v. Arthurs*,
130 Pa. St. 501, certainly is not ; for there the right to
recover by the borough is predicated expressly upon an
agreement for a good consideration to keep the sidewalk
in repair.

The demurrer was properly sustained, and the judg-
ment of the circuit court is affirmed. All concur, except
BARCLAY, J., not sitting.