HENRY C. BABCOCK, Respondent, v. THE ST. LOUIS DRAYAGE COMPANY, Appellant.

St. Louis Court of Appeals, November 9, 1892.

Corporations: PROOF OF AGENCY. When a recognizance, given by a defendant corporation on an appeal by it from a judgment of a justice of the peace, is executed on its behalf by one H. as its president, the presidency of H. sufficiently appears to render his admissions competent evidence against it on the trial of the cause in the circuit court.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Henry B. Davis*, for appellant.

*Frank E. Richey* and *Wm. M. Kinsey*, for respondent.

ROMBAUER, P. J.—This is an action to recover $2.50, the amount paid out by plaintiff for the repair of his buggy, which had been damaged in a collision caused by the negligence of defendant's alleged servant. The plaintiff recovered judgment for the amount sued for, and the only error assigned on this appeal is that there was no evidence tending to show that the negligent driver was one of defendant's servants, or driving one of the defendant's wagons.

Touching the point in controversy the plaintiff testified in chief that the driver, who drove the colliding wagon, was one of the defendant's drivers, and the wagon its wagon, but admitted on cross-examination that he knew that fact only from what the driver said at the time, and from the further fact that the defendant's name was upon it. The plaintiff further stated that he knew Hensler, the manager of the defendant corporation, and that the latter admitted liability for the loss, but claimed a right to have the buggy repaired at the defendant's shops. The plaintiff also gave in evidence the recognizance given in this case on its appeal from the justice's judgment, which begins with the recital, "We, the St. Louis Drayage Company, and Frank F. Hensler," and which is signed, "The St. Louis Drayage Company, by F. F. Hensler, president, and Frank F. Hensler."

It will be thus seen that there was evidence to show the only contested fact. We may add that, unless Frank F. Hensler was president of the company, of which the defendant claims there is no proof in the case, the defendant has no standing in court, as it did not give the recognizance required by law. We may also add that in *Walsh v. Drayage Co.*, 40 Mo. App. 339, we held that evidence of Hensler's act, as binding the company, was admissible upon a showing that he signed the recognizance for appeal in that case as president of the company. We can only add that we fully concur with the plaintiff's counsel that the case should never have been brought to this court.

Judgment affirmed. All concur.