EDWARD SKINNER, Respondent, v. PHILIP STIFEL, *et al.*, Appellants.

St· Louis Court of Appeals, November 7, 1893.

1. **Contributory Negligence**: LAW AND FACT. The evidence in this cause is considered, and held not to conclusively establish contributory negligence on the part of the plaintiff in failing to observe an excavation in a public highway.

2. **Instruction Given Orally and in Absence of Counsel.** It is error for the trial court, after the submission of a cause to the jury, to give to them an additional instruction orally or in the absence of counsel whose attendance can be procured.

3. ———: COMMENTING ON CHARACTER OF THE CAUSE. It is prejudicial error for the court in an instruction to the jury to state that it considers the cause a very simple one both as to the law and the facts, and to urge the jury to come to some agreement owing to the small amount of money involved.

4. **Negligence**: VIOLATION OF MUNICIPAL ORDINANCE. *Held*, in the course of discussion, that the violation of a municipal ordinance, requiring persons making excavations on public highways to display danger signals over such excavations, is negligence, *per se*.

*Appeal from the St. Louis City Circuit.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Laughlin, Wood & Tansey*, for appellants.

*Julian Laughlin*, for respondent.

(1) The question of contributory negligence was submitted to the jury, and a finding had for plaintiff. (2) On the question of the verbal instruction of the court to the jury, there was nothing improper said, or that in any way injuriously affected defendants. *Fairgrieve v. Moberly*, 29 Mo. App. 141; *McPherson v. Railroad*, 97 Mo. 254; *Allen v. Woodson*, 50 Ga. 53; *Pierce v. Rehfuss*, 53 Mich. 66.

ROMBAUER, P. J.—The plaintiff recovered a judgment for $21.35 against the defendants for injuries to his vehicle and loss of time, alleged to have been caused by the defendants' negligence in failing to place a red light, in the night time, on an excavation made by them in a street of the city of St. Louis, as required by the ordinances of the city.

The defendants appeal, and assign for error that the court refused to sustain their demurrer to the evidence, and that the court further erred in giving to the jury in their absence and in absence of their counsel an oral instruction, the tenor of which was prejudicial to them.

The plaintiff, who is a hack driver, testified that on the night in question he was driving northwardly along Twenty-ninth street, and that while crossing Franklin avenue he drove into an excavation made by the defendants, who were contractors with the city of St. Louis and were repairing the street. There are railroad tracks running along Franklin avenue, and this excavation was on the north side of the tracks and between them and the north curb of the street. The excavation was more than ten feet long and about eighteen inches deep. There was a driveway built along the intersection of Franklin avenue and Twenty-ninth street, so that by keeping in the center of

Twenty-ninth street the plaintiff could have crossed Franklin avenue without injury. He testified that his reason for not driving in the center of the street was that it was muddy there, and he wanted to keep his cab clean. The plaintiff also testified that he knew that the north side of Franklin avenue was being excavated, but he did not know that the excavation had proceeded as far west as Twenty-ninth street; that there was no red light at that point; that he did not see the excavation until he drove into it; that the night was bright and clear, but that the nearest electric light to the crossing was one block away; that he was driving at an ordinary trot at from four to five miles an hour, and that this was the speed of his team when it dropped into the excavation. The plaintiff also gave in evidence an ordinance of the city of St. Louis, the material portions of which provide:

"Every person, who shall cause to be made any excavation in or adjoining any public street, shall cause one red light to be securely and conspicuously posted on or near such excavation or obstruction, provided such obstruction does not extend more than ten feet in length, and, if over ten feet and less than fifty, two red lights, one at each end, and shall keep such lights burning during the entire night."

The plaintiff was corroborated in his testimony by a passenger in his hack as to the rate of speed at which he was driving, as to the accident, and as to the absence of any red light posted on or near such excavation.

The defendants claim that the court on this evidence should have sustained their demurrer to the evidence, because the inference was unavoidable, that plaintiff's own negligence contributed to the accident complained of. In that view we cannot concur. The plaintiff testified that he did not see the excavation, and this, in view of the fact that

even on clear nights slight depressions in the ground are discoverable only on close scrutiny, is not devoid of probability. He had a right to rely on it that all parts of the street on which he was driving were in a safe condition, or that, if they were not, the danger signal prescribed by the ordinance would be displayed. That the excavation was one requiring the display of such signal is conceded. That no such signal was displayed was testified to by the plaintiff and another witness. Under these circumstances the question, whether the plaintiff was exercising reasonable care in driving along the highway, was a question of fact to be passed upon by the jury. It was submitted to the jury on instructions favorable to the defendants, and their first assignment of error must be ruled against them.

After the submission of the cause to the jury, they deliberated for one day, and, being unable to agree, they were called into court and the judge in the absence of counsel said to them: "Gentlemen of the jury, I deem it my duty to say to you in this case that I consider the case a very simple one both on the law and on the facts, and one in which the jury ought to come to an agreement. The case does not involve a great deal of money, but it will entail a good deal of expense, not merely to the parties but also to the public, to have a failure of the jury to agree. Now, while I do not wish to compel any juror to give up his just and honest convictions in regard to the evidence in this case, I think it is the duty of the jurors to listen to each other, hear each other's statements and arguments in regard to the matter, and to endeavor to come to an agreement in the case, so as to avoid the necessity of a new trial of a case that is so small. You may retire then, and consider of your verdict further in this case."

The defendants claim that these remarks were prejudicial to them and constitute reversible error.

Although our statute provides that written instructions should be given by the court to the jury before the cause is submitted to them, it has been repeatedly held that it is not error to further instruct the jury either at their request or where they disagree, but such additional instructions should be in writing, and should be given to the jury in open court, and in presence of counsel if their presence can be had. The reason for the limitation is obvious. The statute provides that the instructions shall be carried by the jury to their room for their guidance, which they evidently cannot do if the instruction is oral. Beyond this, when the court gives instructions either oral or written in the absence of counsel, the parties have neither the opportunity to save their exceptions to such action at the time, nor have they the opportunity of offering additional instructions in explanation of, or supplementing those of the court, should they so desire. For these reasons we must hold that the court erred in further instructing the jury orally and in the absence of counsel, however praiseworthy the action of the court in endeavoring to save to the state and to the parties the costs of a new trial might otherwise have been.

On the other hand we must not lose sight of the fact, that we are authorized to reverse judgments for prejudicial errors only. We have ourselves decided that the mere fact of the instruction being oral is no ground for setting aside a verdict, where the instruction is given in the presence of counsel and is one touching a conceded fact ( *Walsh v. St. Louis Drayage Co.*, 40 Mo. App. 339 ); but we have also decided that error is presumed to be prejudicial, and that to justify an appellate court in affirming a judgment where error has intervened in the trial, the burden is upon the party claiming the benefit of the judgment to satisfy the appellate court that the error was not prejudicial.

*Clark v. Fairley*, 30 Mo. App. 335. To this rule we have adhered since. On the other hand the supreme court has very pointedly decided, upon a review of the authorities in this and other states, that an instruction given to the jury in the absence of counsel constituted reversible error, although the instruction was in writing and embodied no objectionable elements. *Choteau v. Jupiter Iron Works*, 94 Mo. 388. In that case the jury being out for some time addressed the following written inquiry to the court: "Would it be consistent with the instructions of the court to find for plaintiff with nominal damages?" To which the judge made the following written answer: "It would be consistent to find nominal damages, provided the jury are of the opinion from the evidence that there was no substantial damages sustained by the plaintiff in consequence of the breach of the contract, if there was a breach."

Now, it will be seen that it is next to impossible to uphold the verdict in this case under that decision. Here the instruction had the additional objection of being oral and of embodying two objectionable elements, namely, that the court considered the issues very simple both as to law and fact, and that the controversy was about a small amount. Both of these propositions are irrelevant to the merits of the case and yet may have influenced the jury in their decision, since the plaintiff was a hack driver of presumably limited means, and the defendants were contractors of presumably sufficient means not to feel so small an amount. Nor can we see our way to an affirmance of the judgment by treating the remarks of the court as purely cautionary, and as not an "instruction" in the technical sense of that term. Cautionary remarks are addressed to the jury touching their conduct while considering the case, and not touching any elements to be weighed by them in its consideration.

As we feel compelled to reverse the judgment for this error, we will add the following, which may facilitate the final settlement of the controversy. The defendants' witnesses testified to facts which, if believed by the jury, would have justified them in finding that the defendants had used reasonable care and diligence in placing lights on the obstruction and in keeping them burning all night. The court instructed the jury upon defendants' request that the burden of proof rested upon the plaintiff to show that the defendants were careless and negligent in placing or failing to place the danger signals, or in keeping the same burning at the intersection of Twenty-ninth and Franklin avenue. The court also instructed the jury as to the meaning of ordinary care, as applicable to both parties. These instructions were over-favorable to the defendants. The duty to place such lights and keep them burning is an imperative duty under the ordinance, the violation of which is negligence *per se*. In such cases unavoidable accident will excuse the defendants, but the rule of ordinary care finds no application. This conclusion is the logical result of our ruling in *Jelly v. Pieper*, 44 Mo. App. 380, and of that of the supreme court in *Fath v. Railway*, 105 Mo. 537, 548.

The judgment is reversed and the cause remanded. All the judges concur.