Shauck, J.
In Morris v. Woodburn, 57 Ohio St. 330, we held that if the owner of a lot abutting upon a street of a municipality, for the use of his property, constructs a vault under the sidewalk over which he negligently places and maintains a defective covering, he is liable directly to a footman injured thereby, notwithstanding the omission by the municipality of the duty imposed upon it by statute to keep the street in repair. And since the decisions in Chicago v. Robbins, 2 Black, 418 and 4 Wall., 657, it seems to be the settled law that if a municipal corporation is held in damages for its failure to keep a sidewalk in repair by removing the source of danger so created by an abutting owner for his own personal ends, it may, having given him notice of the pendency of the suit against it, recover from him the amount which it is adjudged to pay because of his tort.
But it is not assumed that the grounds upon which recoveries were sustained in those cases are available here. The opinion of the circuit court in the present case (12 C. C. R.-, 346) shows that it was mindful of the fact that the statute imposed *64 upon the municipality, and not upon the abutting owner, the duty of keeping the streets and sidewalks in repair and free from nuisance. It is conceded that the law imposes upon such owner no duty with respect to the walk whose mere omission could be asserted as the foundation of an action against him. According- to the view there taken, Wilhelm, having assumed the duty of constructing and maintaining the walk, thereby became bound to exercise due care in the selection of materials and reasonable skill in constructing and repairing the walk, and by his failure in respect thereto he actively created the dangerous place and negligently left it unguarded, whereby he became directly liable to the person injured or to the city in the present action it having been compelled to respond first because of its failure to perform the duty imposed upon it by the statute. No authority is cited by the circuit court in support of this view, and most of the cases cited by the city solicitor in support of the judgment relate to the points decided in Morris v. Woodburn, and Chicago v. Robbins.
The right of the municipality to recover from the wrongdoer was upheld in Chicago v. Robbins, and in the cases following it, upon the ground that the recourse of the person injured is primarily against him; and the municipality, having relieved him of that liability, is subrogated to the rights of the person injured. In the City of Rochester v. Campbell, 123 N. Y., 405, is was correctly said of those cases: ‘These were all cases where the dangerous conditions of the streets were created by the defendants, and they were held liable for the consequences of their unlawful acts, under their common law obligations as the creators *65 of nuisances, and not by reason of any duty enjoined upon them by statute or otherwise. ’ ’ Section 2640, Revised Statutes, provides: “The council shall have the care, supervision and control of all public highways, streets, avenues, alleys, sidewalks, public grounds, and bridges within the corporation, and shall cause the same to be kept open and in repair, and free from nuisance. ’ ’
This, as has been repeatedly held, is not merely a grant of power to the municipality, but the imposition of a duty upon it. Cognate provisions of the statute authorize the municipality to require, in the mode specified, the abutting owner to construct or repair the walk in front of his premises. The effect of his failure to comply with the requirement is also defined by the statute; that upon his failure the municipality may construct or repair the walk and assess the cost thereof upon his property. But the right of the city to be indemnified in this manner is expressly limited to one-fourth of the amount at which the property is valued for the purposes of taxation. The consequence thus indicated by the statute is exclusive. In considering the effect of similar statutory provisions in The City of Keokuk v. the Independent District of Keokuk, 53 Iowa, 352, it was said: “The city has sole authority over its streets, is charged with their improvement and repair, and vested with the power to tax for that purpose. Where the lot owner is required by the city to construct or repair a sidewalk it is simply a method of exercising such power of taxation by which he is made the agent of the city to expend the amount of the tax, and the responsibility for the performance of the *66 work remains where the authority to control it is found. ’ ’
In well considered cases it has been held that the liability which the statute imposes upon the abutting owner is exclusive and not reconcilable with an unlimited liability for injuries occasioned by the defective condition of streets and sidewalks which are constructed and maintained under the authority of the municipality, where that condition results from negligence merely. Flynn v. The Canton Company of Baltimore, 40 Md., 312; City of Hartford v. Talcott, 48 Conn., 525; City of St. Louis v. The Conn. Mut. Life Lns. Co., 107 Mo., 92. That conclusion is in harmony with the view of the subject taken in Rochester v. Campbell, where it is said that to hold the abutting property liable in an action for indemnity “would tend to relax the vigilance of municipal corporations in the performance of their duties with respect to the repair of streets -and highways, and impose that duty upon those who might be utterly .unable to discharge it..”
The policy of the statute, as indicated by its provisions according to the doctrine of the cases cited and the numerous cases which they review, seems to require the conclusion that when a municipality accepts a sidewalk constructed by the owner of abutting property pursuant to its notice, as a compliance therewith, all liability for mere negligence in construction and maintenance must rest and remain upon it.

Judgment of the circuit court reversed and that of the common pleas affirmed.