Baustian v. Young et al.

---

Baustian v. Young and The City of St. Louis, Appellants.

**Division One, November 14, 1899.**

1. **Evidence:** PHOTOGRAPHS. A photograph is not admissible in evidence until it has been proved by testimony *aliunde* that it is a true photographic print of the thing in question at the particular time. And in the hands of witnesses other than the photographer, it is of the same character of evidence as diagrams and pictures drawn by such witnesses, in illustration of their testimony, though possibly of different probative force. Its weight as evidence depends, also, on the skill, accuracy and fairness with which it is shown to have been produced.

| 152 | 317 |
| 153 | 598 |
| 152 | 317 |
| f156 | 25 |
| f156 | 27 |
| 152 | 317 |
| 161 | 533 |
| 161 | 539 |
| 152 | 317 |
| 167 | 200 |
| 91a | 495 |
| 91a | 499 |
| 91a | 598 |
| 152 | 317 |
| 94a | 5557 |
| 152 | 317 |
| 95a | 5195 |
| 97a | 1509 |
| 100a | 5566 |
| 152 | 317 |
| 101a | 5158 |
| 152 | 317 |
| 178 | 5649 |

Baustian v. Young et al.

2. ——: ——: ADMISSIBLE FOR ONE PURPOSE: INSTRUCTION. And where the photographs are admissible in evidence for such purpose only it is proper for the court to so instruct the jury and limit their consideration thereof to that purpose. So that an instruction that told the jury that photographs were evidence in themselves of the general surroundings at the place of the accident to plaintiff, and further on that they were not to be considered at all as evidence of the cause of the accident, should not have been given.

3. ——: ——: ——: JUDGMENT FOR RIGHT PARTY. But although such instruction should not have been given, yet if the verdict was clearly for the right party, the motion for a new trial should be overruled.

4. **Accident**: SIDEWALK: DUTY OF ABUTTING PROPERTY OWNER. There is no such duty of an abutting property owner to keep a sidewalk in repair as gives him who is injured by its defect a right to recover for the injury.

5. **Negligence**: DILIGENCE OF CITY: NOTICE. In order that a pedestrian may recover for injuries due to a defective sidewalk, he must show that the city had notice of the defect, or that it was so obvious or had existed for such a length of time that the city would have known it if it had used proper care in observing the condition of the street. And even after notice the city is entitled to a reasonable time in which to make repairs, and it is not liable until it has neglected such opportunity.

6. ——: ——: ——: HOLLOW UNDER SIDEWALK. Where plaintiff's testimony shows that his injury was due to a hollow beneath the sidewalk, caused by the ground being washed out, and nothing is shown as to when that occurred, the defect is not so obvious as to impute notice.

*Appeal from St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

REVERSED AND REMANDED (*with directions*).

B. SCHNURMACHER and CHAS. CLAFLIN ALLEN for appellants.

(1) The instruction given by the court of its own motion, and afterwards condemned by it, was correct. The instruction merely declared, in proper terms, the legal effect to be given to the photographs offered in evidence by plaintiff.

These photographs were not taken at the time of the accident, but four days later. They were merely admissible to explain or illustrate plaintiff's testimony, exactly as a plat or diagram or picture drawn by him would have been, and were entitled to no greater consideration. State v. O'Reilly, 126 Mo. 597; Geer v. Mo. Lumber & M. Co., 134 Mo. 85; Wurmser v. Frederick, 62 Mo. App. 634; Blair v. Pelham, 118 Mass. 420; State v. Hersom, 90 Me. 273; Dederichs v. Railroad, 46 Pac. Rep. 656; Carter v. State, 46 S. W. Rep. 236; Scott v. New Orleans, 75 Fed. Rep. 373; State v. Hunter, 52 Pac. Rep. 247. (2) When a photograph, taken after the happening of an occurrence, is allowed to go to the jury, not as independent evidence, but that they may more readily understand the testimony, it is eminently proper for the court to apprise the jury, by instruction, of the effect to be given to such photograph. Scott v. New Orleans, 75 Fed. Rep. 373; State v. Hunter, 52 Pac. Rep. 247; Taylor v. Hall, 106 Mo. 323; Clark v. Cordry, 69 Mo. App. 15; State v. Seal, 47 Mo. App. 603. Whenever there is danger that evidence which is properly admitted for one purpose may be used by the jury, in making up their verdict, for another, the court may instruct them as to its proper use. Garesche v. St. Vincent's College, 76 Mo. 332; Woods v. Railroad, 51 Mo. App. 500; Rall v. McCrary, 45 Mo. App. 365. (3) The verdict was for the right party, and should not have been disturbed, even though the court's instruction was erroneous. (a) There was no pretense of actual notice to the city, and the alleged defect in the plank was latent and not obvious or notorious; and, therefore, not of the character which would impute notice. Carvin v. St. Louis, 151 Mo. 334. (b) And there was absolutely no proof as to when the plank had rotted to such a point, or the earth under it had washed away to such an extent as to make the sidewalk dangerous. While the court will take judicial notice of the fact that it takes time for a plank to decay, it will not determine judicially at what particular period of

time the process had so far progressed as to reach the danger point. Badgely v. St. Louis, 149 Mo. 122.

JAMES L. HOPKINS for respondent.

(1) "Photographs are competent evidence, and when properly taken are judicially recognized as of a high order of accuracy." Beardslee to use v. Columbia Township, 188 Pa. St. 502. (2) Whether a photograph has been sufficiently identified is a question usually left to the discretion of the trial court, and not subject to review upon appeal. Com. v. Coe, 115 Mass. 481; Blair v. Pelham, 118 Mass. 420; Walker v. Curtis, 116 Mass. 98; Harris v. Quincy, 171 Mass. 472; Archer v. Railroad, 106 N. Y. 589; Dorsey v. Habersack, 84 Md. 117. (3) The photographs in question were competent and material to show the manner in which the board walk, at the time and place in question, had become rotten, and decayed. Alberti v. Railroad, 118 N. Y. 77; Goldsboro v. Railroad, 38 Atl. Rep. 433. (4) Photographs have a probative value superior to that of maps, plats, or diagrams. They may be evidence of themselves, and are not limited to supplementing or assisting oral testimony. Shorten v. Judd, 56 Kan. 43; Udderzook v. Com., 76 Pa. St. 340. (5) "It is the duty of the city to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon with ordinary care and caution." Carrington v. St. Louis, 89 Fed. Rep. 208. (6) For practical purposes, the opportunity of knowing in such cases, must stand for actual knowledge. Franke v. St. Louis, 110 Mo. 516; Bonine v. Richmond, 75 Mo. 439.

VALLIANT, J.—Appeal from the circuit court of St. Louis upon an order granting a new trial.

The suit is for damages for personal injuries which plaintiff avers he sustained in consequence of a defective sidewalk. There was but one witness who testified as to the accident and its cause, which was the plaintiff himself. The only other

witness for plaintiff was a physician who spoke of the nature of the injury. According to the plaintiff's testimony he was walking on a plank sidewalk on Morganford road which is an unimproved street in the outskirts of the city, when he stepped on the end of a plank which yielded to his weight and caused him to fall, striking his shoulder against a telegraph pole which caused the injury complained of. Morganford road at the point in question was like a country road, no curbing or guttering, and this wooden sidewalk was like what is seen in a country town. Whether it was put down by the city or the neighbors he did not know. After he got up he examined the place and saw that the ground underneath the sidewalk had washed out, the sleepers were rotten, and the nails hanging down; the hollow in the ground was what caused the plank to go down; it was rotten but would not have given away but for the hollow in the ground under it. Plaintiff was a carpenter and was employed in that vicinity; during the period of this employment he had passed along Morganford road at this point about a dozen times, but had always before walked in the road, not on the sidewalk. Four days after the accident plaintiff took a photographer to the scene and caused two photographs to be taken showing the sidewalk at that point and the surroundings. These photographs were admitted in evidence over the defendants' objection. This, with the physician's testimony as to the nature of the injury, was all the evidence on the part of plaintiff.

Defendants produced five witnesses who testified that they habitually passed over that sidewalk several times daily and never noticed any defect in it.

This was all the evidence. At the close of the plaintiff's evidence, and again at the close of all the evidence the defendant city asked an instruction in the nature of a demurrer to the evidence, which was each time refused and exception taken.

A number of instructions were given at the instance of

the parties respectively about which no question is raised. But the court of its own motion gave the following:

"The court instructs the jury that the photographs shown to the jury are only to be considered by the jury as evidence of the general surroundings of the place where the accident occurred; and are to be given only such weight, as such evidence, as the jury believe from all the facts and circumstances in evidence, they are fairly entitled to.

"In no event are the photographs, or either of them, to be considered by the jury as any evidence at all of the accident or as to the cause thereof, or as to what parties are responsible for the condition of the sidewalk, or as to whether any person is responsible for the condition of the sidewalk or for the accident."

There was a verdict for defendants, which on motion of plaintiff was set aside and a new trial granted on the sole ground that the court erred in giving the instruction above quoted; from that order defendants appeal.

I. The objection to the instruction insisted on by the respondent is that while in the first clause it indicates that the photographs are to be considered as evidence of the general surroundings of the place where the accident occurred, yet in the second clause the jury are directed not to consider them as evidence at all relating to the cause of the accident.

The photographs in connection with the testimony of the witness purport to show a defect in the sidewalk which according to the plaintiff's testimony was the cause of the accident. If then the photographs are not to be considered as bearing on that point, they are not in evidence at all.

A photograph taken as these were several days after the occurrence, have not precisely the same influence, or weight as evidence, as one taken in the moment of the act it purports to portray.

It is not admissible in evidence at all until it is proven by testimony *aliunde* to be a true photographic print of the

thing in question, but after that foundation has been laid the photograph speaks with a certain probative force in itself. We take judicial cognizance of the fact that the natural forces employed in the art of photography produce certain results, and we credit the picture accordingly. But a photograph speaks only of one instant, and that the instant in which the object is seen through the camera. It may be like the object as it appeared at another time, but the natural forces that printed the photograph do not so testify, and whether it is or not depends on other evidence.

These photographs testify to us how the sidewalk appeared at the time they were taken, the plaintiff testified that it appeared at the time of the accident as it appears in the photographs, but the photographs are silent on that point, and serve in that connection only as illustrations of the witness's testimony.

They are of the same character of evidence as diagrams and pictures drawn by hand; not necessarily carrying the same degree of probative force, but still of the same character; not in themselves evidence at all, but representing to the eye what the witness declares was the real appearance of the thing at the time he saw it. Diagrams, drawings and photographs are resorted to only because the witness can not with language as clearly convey to the minds of the court and jury the scene as the light printed it on the retina of his own eye, at the time of which he is testifying. The Supreme Court of New Jersey have said: "As evidence, photographs have been held as admissible upon the question of identity and comparison of handwriting, and as secondary evidence when the primary and better evidence could not be obtained. It may be generally regarded as a rule that they are never admitted but as secondary evidence." [Goldsboro v. Railroad, 60 N. J. L. loc. cit. 51.] The weight to be given this class of evidence, whether it be a diagram, painting or photograph depends on the character of the thing shown in evidence. As a diagram drawn

hastily ᵔᵔ by an unskillful hand does not receive the same consideration as one drawn to a scale by a mathematician, so the art of photography does not render equally trustworthy results in the hands of the unskillful and the skillful artist.

The art of photography is also not exempt from the possibility of perversion and of being made the means of creating false appearances. The Supreme Court of Pennsylvania have said: "Photographs are competent evidence, and when properly taken are judicially recognized as of a high character of accuracy. . . . But in careless, or inexpert, or interested hands they are capable of very serious misrepresentations of the original." [Beardslee to use v. Columbia Township, 188 Pa. St. loc. cit. 502.] We hold therefore that the photographs in question while not evidence independent of the witness, were nevertheless in evidence as illustrations of the witness' testimony, and the plaintiff was entitled to have them considered as such for what they were worth. This is in accordance with previous rulings of this court. [Mincke v. Skinner, 44 Mo. 92; Williamson v. Fischer, 50 Mo. 198; State v. O'Reilly, 126 Mo. 597; Geer v. Lumber Co., 134 Mo. 85.]

Where evidence is admissible for one purpose only it is proper for the court to so instruct the jury and limit their use of it to that purpose. Garesche v. St. Vincent's College, 76 Mo. 332.

But the instruction here complained of did not properly inform the jury of the legitimate use they might make of the photographs. It was susceptible in the first clause of the construction that they were evidence in themselves of the general surroundings at the place of the accident and in the second clause that they were not to be considered at all on certain points in the case among which was the cause of the accident; whereas they were in themselves, that is, independent of the testimony of the witness, not evidence at all, yet were in evidence as illustrations of his testimony and as such should have been considered on the question as to the cause of the accident.

The learned judge therefore correctly ruled on the motion for a new trial that the instruction should not have been given.

II.    But although that instruction was erroneous, the motion for a new trial should have been overruled because the verdict was unquestionably for the right party.

There was no case made either in the petition or the evidence against the defendant Young.    The theory of the petition as to him is that because he was the owner of the lot abutting the street at the point of the alleged defect, it was his duty to keep the sidewalk in repair.    But he was under no such obligation.    Whatever may be the obligation of the abutting property owner to the city when ordered by it to repair or build a sidewalk, and whatever may be his liability for defective construction when he undertakes to do it, he is under no duty to the public to keep the sidewalk in front of his premises in repair, and is not liable for failure to do so. [Norton v. St. Louis, 97 Mo. 537; St. Louis v. Ins. Co., 107 Mo. 92.]

It is the duty of the city to keep its sidewalks and streets in reasonably safe condition for the public passing along them, but the city is not an insurer of the safety of persons using its streets and is liable only for failure to exercise ordinary care in that respect.    If a sidewalk in the beginning is properly constructed and it should get out of repair the city owes the duty to the public to cause it to be repaired within a reasonable time. But in order to render the city liable for failure to remedy the defect, it must appear that the city had a reasonable opportunity of doing so, and in order that that may appear, it must be shown either that the city had notice of the defect or that it was so obvious or had existed for such a length of time as to indicate that the city would have known it if it had used proper care in observing the condition of its streets.    Even after notice of the defect the city is entitled to a reasonable time in which to make the repairs, and is not liable until it has neglected such opportunity.    [Badgley v. St. Louis, 149 Mo. 122; Carvin v. St. Louis, 151 Mo. 334.]

The plaintiff's testimony illustrated by his photographs tends to show that the sidewalk was out of repair both in respect to the decayed condition of the wood, and a washing out of the ground underneath; that it was really the hollow in the ground that permitted the plank to go down.    There is no testimony tending to show actual notice to the city of the condition of the sidewalk and no testimony tending to show how long it had remained in that condition unless as contended by respondent the nature of the defect implies that it had existed for a considerable time.    Common experience tells us that it takes time for a wooden structure exposed to the weather in this climate to decay; but that time is so indefinite and subject to so many influences, either advancing or retarding the process of decay, that no reasonable calculation of it can be made in a case like this.    Besides the testimony of plaintiff shows that the real cause of the yielding of the plank under the plaintiff's weight was the hollow beneath, caused by the ground being washed out; when that occurred is not shown. That the defect was not so obvious as to impute notice, is shown by the plaintiff's testimony.    The plaintiff himself had passed along the road frequently about the time, not over the sidewalk but in the road, and had never observed any such condition, and the five witnesses for defendant used the sidewalk daily several times and did not observe it.    The evidence fails to show any knowledge on the part of the city or any circumstance from which notice could be implied, or that the city had neglected a reasonable opportunity to repair the defect. Under such evidence there could have been no verdict for the plaintiff.

The order granting a new trial is reversed and the cause is remanded to the circuit court with directions to overrule the motion for a new trial and render judgment for the defendants in conformity with the verdict.

BRACE, P. J., and ROBINSON, J., concur; MARSHALL, J., not sitting, having been of counsel.