# NELLIE DOLDING, Respondent, v. CITY OF ST. CHARLES, Appellant.

### St. Louis Court of Appeals, July 2, 1912.

1. **MUNICIPAL CORPORATIONS: Injury to Pedestrian: Defective Sidewalk: City's Constructive Knowledge of Defect.** *Held,* that an open and obvious hole in a sidewalk, which had existed for more than a year before it caused an injury to a pedestrian, could have been discovered by the city's officers, by the exercise of due care, in time to have repaired it before the injury was sustained.

2. ———: ———: ———: **Sidewalk Constructed by Property Owner: Liability of City.** The construction of a sidewalk (although of a primitive character) on a *public street by abutting property owners, with the consent of the city, constitutes an invitation to the public, on the part of the city, to use the sidewalk, and an assurance that the city will exercise ordinary care to maintain it in a reasonable safe condition, which invitation and assurance continue until it is entirely removed; and hence, in an action for injuries from a defect in such a sidewalk, the direction of a verdict for the city, on the theory that the sidewalk was so defective that the public were not justified in using it, was properly denied.

3. ———: ———: ———: **Contributory Negligence: Question for Jury.** In an action against a city for injuries sustained on a defective sidewalk, where the evidence showed that plaintiff had no knowledge of the defects, that she was injured during the night, and that there were no street lights to aid her observation, the question of her contributory negligence was for the jury.

4. ———: ———: ———: **Instructions.** In an action for injuries caused by a defective sidewalk, the refusal of an instruction that, although private citizens had laid a footway along the street, that did not make it the duty of the city to renew and replace it with another one of like material, when the first became decayed or was worn out; that failure to reconstruct or replace it with another one was not negligence; and that the city performed its full duty by keeping the street in a reasonably safe condition for travel, was not prejudicial error, as the court charged in other instructions that the city performed its full duty by keeping the street in a reasonably safe condition, and there was no claim that the city was required to replace the sidewalk with a new one, but merely a claim that it was its duty to maintain the sidewalk which was there in a reasonably safe condition.

5. INSTRUCTIONS: Refusal: Abstract Instruction. It is not error to refuse an instruction which is not applicable to the issues, although it is abstractly correct.

6. ———: ———: Covered by Other Instructions. It is not error to refuse an instruction, the subject-matter of which is covered by another instruction which is given.

Appeal from St. Charles Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Wm. Waye, Jr.,* and *C. W. Wilson* for appellant.

(1) The trial court erred in refusing to give the instruction directing a verdict for the defendant. (a) The evidence clearly discloses the fact that the city had been guilty of no negligence or omission of duty. (b) It also clearly and conclusively appeared that any injuries suffered by plaintiff were the result of her own negligence. (2) The court erred in giving plaintiff's instructions numbered 1 and 2. They erroneously direct the jury in substance that it was the duty of the city to maintain artificial sidewalks. (3) The trial court committed reversible error in refusing the instruction asked by the defendant. As an abstract proposition the instruction was correct. (a) The city of St. Charles was under no obligation to construct and maintain artificial sidewalks or footways on the west side of Benton avenue. 1 Dillon on Mun. Corp. (5 Ed.), sec. 242; Ely v. St. Louis, 181 Mo. 723; Ruppenthal v. St. Louis, 190 Mo. 213. (b) If an artificial sidewalk or footway had been constructed on the west side of Benton avenue, eighteen or twenty years prior to the date of the plaintiff's accident, and had rotted out and gone to decay, the defendant city was under no obligation to replace it with another footway of like material. (c) The city met its whole duty in the premises, if it kept the

street in a reasonably safe condition for people to travel over.

*T. C. Bruere,* and *A. R. Taylor* for respondent.

Where sidewalks are maintained upon the street, though constructed and maintained by abutting owners with the direct or implied consent of the city, then it becomes the duty of city to keep same in a condition reasonably safe and suitable for the public to travel over. Benton v. City, 217 Mo. 708; Baustian v. Young, 152 Mo. 325; Baldwin v. City, 141 Mo. 212; Meiners v. City, 130 Mo. 285; Haniford v. City, 103 Mo. 181; Mans v. City, 101 Mo. 617.

NORTONI, J.—This is a suit for damages accrued to plantiff on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff received her injury through stepping into a hole in the sidewalk while walking upon one of the public streets of defendant city. The sidewalk involved was laid along the west side of Benton avenue in the city of St. Charles. It is conceded that Benton avenue was at the time, and had been for as much as thirty years theretofore, a public street of the city. At the time of her injury, plaintiff was walking north along the sidewalk on the west side of Benton avenue between Decatur street and Franklin avenue. While so walking, she stepped into a V-shaped hole, about twelve inches in length and from four to six inches wide at the outer end, and was precipitated forward so that she received a serious and painful injury to her limb. The evidence tends to prove that darkness prevailed and plaintiff was, therefore, unable to discern the defect in the walk. Plaintiff was going to call upon a friend who had but recently moved

into the block, and it appears that she was wholly un-familiar with the street and the defective sidewalk thereon. That the sidewalk was defective and inse-cure no one denies; but it is insisted plaintiff ought not to recover for the reason the walk was so defect-ive that it amounted to no sidewalk at all and she should, therefore, have walked upon the ground in-stead. Though the street was not macadamized, it appears that it was graded and improved by defend-ant city and had been used by the public for many years as a thoroughfare. Curbs were established along the sides of the street, and west of the west curb, in the usual place for a walk, the sidewalk involved here had been constructed about eighteen years be-fore. This walk was originally constructed by laying upon the earth certain cross beams, and on top of these were made fast two twelve inch planks, side·by side lengthwise with the street. It appears the public used this sidewalk for many years in passing to and fro and that it had been permitted to disintegrate until but a portion thereof remained at the place where plaintiff was injured. At some places on the street, the two planks continued as before, while at the place where plaintiff was injured but one plank twelve inches wide remained, and the larger portion of this rested upon the ground. A pathway upon the ground for pedestrians also ran along the side of the walk. Pe-destrians sometimes followed the path and at other times walked upon the remaining portion of the walk as did plaintiff.

The evidence tends to prove that at one end of the plank, and immediately where it joined another plank leading forward in the same walk, a V-shaped hole about twelve inches in length existed. It is said that this hole was from four to six inches wide at one place, and that there was a cavity beneath it is ob-vious, for it appears plaintiff's foot passed through the plank and below. The evidence is overwhelming

that this V-shaped hole had existed in the walk for more than a year before plaintiff's injury and that it was open and obvious in the light of day to one and all. It is clear that by exercising due care defendant's officers would have discovered the defect in time to have repaired it.

It is argued the court should have directed a verdict for defendant on the theory that the evidence reveals no breach of duty on its part, for it is said the law does not devolve upon the city the duty of erecting a new sidewalk. This argument proceeds upon the hypothesis that, though the sidewalk had been constructed by adjacent property owners, with the consent of the city, many years before, it had been allowed to deteriorate and pass out of existence as such. Obviously the argument involves the idea that, because of the defective condition of the walk, an invitation to the public to use it no longer obtained. The question thus made is essentially one for the jury, for the evidence is conclusive to the effect that that portion of the street between the curb and the property line occupied by the walk was not allowed to remain in a state of nature but, instead, was improved by the placing of a sidewalk thereon, and this, too, with the consent and acquiescence of the city. It is true the sidewalk originally consisted of but two heavy planks securely laid side by side upon cross pieces; but, be this as it may, it was a sidewalk of primitive character and as such revealed an invitation on the part of the city to the public to use it in passing to and fro along that side of the street. Having authorized the construction of the sidewalk originally, and thereby extended an implied invitation to the public to use it, no one can doubt that the law cast upon defendant the duty to exercise ordinary care, to the end of maintaining the walk reasonably safe for the use intended. It appears that the public daily used this walk and the single plank therein by which plain-

tiff was injured, and from this it is obvious the invitation in that behalf continued to obtain, for, had the city intended to terminate it, the portions of the walk being so used should have been entirely removed by it. No one can doubt that the law devolves upon the city the duty to exercise ordinary care toward keeping its streets and the sidewalks therein in a reasonable state of repair for the use intended. It is certain, too, that, where, by the authority of the city, a street is wrought from a state of nature into an improved thoroughfare and sidewalks laid therein, such act involves an implied invitation to the public to enter upon and pass over the walk there laid. The invitation thus extended involves an assurance on the part of the city that it will exercise ordinary care to maintain the walk reasonably safe for persons who desire to pass over the same, and as long as the sidewalk continues in the street and is susceptible of use as such, the obligation of the city with respect thereto remains intact. Such is the principle reflected throughout all of the well-considered authorities, and the court very properly vindicated it in sending the case to the jury. For a highly intelligent discussion of the principle, see Benton v. City of St. Louis, 217 Mo. 687, 118 S. W. 418. For other authorities sustaining the view above stated, see Baustian v. Young and St. Louis, 152 Mo. 317, 53 S. W. 921; Baldwin v. City of Springfield, 141 Mo. 205, 42 S. W. 717; Meiners v. City of St. Louis, 130 Mo. 274, 32 S. W. 637; Haniford v. Kansas City, 1103 Mo. 172, 15 S. W. 753; Maus v. City of Springfield, 101 Mo. 613, 617, 14 S. W. 630.

The argument that plaintiff should be denied a recovery on the grounds of contributory negligence is wholly without merit. The evidence goes to show that she was without knowledge of the defective condition of the sidewalk and that she was passing over the same under cover of night at a place where there were no street lights to aid observation. In view of these

facts, it will be unnecessary to consider the question of plaintiff's negligence further than to say it was for the jury.

Though plaintiff's instructions are criticized, we see no error therein sufficient to justify a discussion in the opinion. Indeed, they seem to be full, complete and without fault whatever.

Defendant requested and the court refused the following instruction: "The court instructs the jury that although it may be true that on or about the year 1895, private citizens with the permission and consent of the city of St. Charles, did lay a plank or board footway on and along the western side of Benton avenue from Decatur street to Franklin street, that fact did not make it the duty of said city to renew and replace said board or plank footway with another footway of like material when the one placed there by private citizens went to decay or was worn out; that if the board or plank footway placed on the western side of Benton avenue by private citizens, or a part thereof, did in fact decay and wear out, it was not negligence on the part of the city of St. Charles to fail or omit for any length of time, to reconstruct or replace the same with another footway of like material, and said city was under no obligation to construct and maintain artificial sidewalks and footways on the western side of Benton avenue at said time, and said city performed its full duty in the premises if· at said place it kept Benton avenue in a reasonably safe condition for public travel by pedestrians." By the instructions given for the city the court presented every theory of its defense from different viewpoints and we see no reversible error in refusing to give the instruction above set forth. There can be no doubt of the abstract proposition contained in this refused instruction that the city was under no obligation to construct "another footway of like material" where the old sidewalk rested. But touching this matter, no

claim whatever was made to the contrary. It was asserted on the part of plaintiff that defendant breached its obligation to exercise ordinary care toward maintaining the sidewalk theretofore laid in a reasonably safe condition, and no one suggested that plaintiff was entitled to recover on the ground that defendant had failed to construct a new sidewalk of "like material," or of any other material, for that matter. Though the refused instruction may be well enough in the abtract, so much of it as pertained to a hypothesis assuming an obligation on the part of the defendant to build a new sidewalk was wholly beside the issue, for no one assumed or asserted such an obligation existed or declared upon a breach to that effect. That portion of the refused instruction which asserts that the city performed its full duty in the premises if it kept Benton avenue in a reasonably safe condition for public travel by pedestrians was given to the jury in numerous other instructions both on the part of plaintiff and on the part of defendant. The case was well instructed on both sides and the judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.