## LOU BREEN, Appellant, v. JOHNSON BROTHERS DRUG COMPANY.

### Division Two, February 23, 1923.

1. **NEGLIGENCE: Hole in Sidewalk: Liability of Tenant.** A lessee of property abutting on a sidewalk, who did not produce the hole in the glass light therein, into which the cane of a pedestrian went as she was pursuing her way in the exercise of ordinary care, causing her to fall, is not liable in damages for her consequent personal injuries. Even if there were an ordinance requiring the lessee to keep the sidewalk in repair, failure to repair a hole which the lessee did not produce would afford a pedestrian no right of action against the lessee for personal injuries received when her cane went into the hole and caused her to fall. Her right of action, if any, is against the city.

2. ——: **Anticipating Injury from Hole in Sidewalk.** Even if it were the duty of the lessee to keep in repair the sidewalk in front of the premises occupied by him, the lessee, in the exercise of ordinary care, is not bound to anticipate that a hole one inch in diameter, in a sidewalk otherwise safe, would cause personal injuries to a pedestrian, whose cane went into the hole as she passed along and caused her to fall.

3. **ERRORS AT TRIAL: Judgment for Right Party.** Where plaintiff is not entitled to recover from defendant under the law, and the verdict and judgment are for defendant, any errors committed during the progress of the trial are immaterial on plaintiff's appeal, the judgment being for the right party.

Appeal from St. Louis City Circuit Court.—*Hon. Benjamin J. Klene,* Judge.

AFFIRMED.

*W. H. Douglass* for appellant.

(1) Defendant's Instruction F should not have been given, as it improperly declares the law, in this: (a)

There is no such plea of contributory negligence in the answer as attempted to be hypothesized in this instruction. Heriford v. Kansas City, 220 S. W. 902; Fischel v. Coal & Mining Co., 221 S. W. 80; McElwain v. Dunham, 221 S. W. 773; Schinagle v. Baughman, 228 S. W. 897; Harrington v. Dunham, 273 Mo. 428. (b) This instruction assumes that plaintiff was guilty of contributory negligence. Glaber v. Rothchild, 221 Mo. 180, 203; Coffey v. City, 186 Mo. 573, 583; Hensen v. City, 277 Mo. 443, 457. (c) This instruction is inconsistent with and contradictory to plaintiff's instruction numbered 2, and this is error. Shepard v. Transit Co., 189 Mo. 362, 373; Implement Co. v. Ritchie, 143 Mo. 612; State ex rel. v. Ellison, 195 S. W. 722. (d) It imposes the duty on plaintiff to pay particular attention to the sidewalk and thereby makes her an inspector of sidewalks. Smith v. Kansas City, 184 S. W. 82; Willis v. Kansas City Ter. Ry. Co., 199 S. W. 736; Herberling v. Warrensburg, 205 Mo. 604, 613; Perette v. Kansas City, 162 Mo. 248; McNeil v. City, 190 S. W. 327; O'Neil v. City, 239 S. W. 94. (e) This instruction directs a verdict for defendant without a finding that the fact stated "directly contributed to cause plaintiff's injury," and is therefore erroneous. Howard v. Scarrett Estate Co., 267 Mo. 398, 402; Heriford v. Kansas City Railway Co., 270 S. W. 903. (f) This instruction is nothing more than a general instruction on contributory negligence and should not have been given. Harrington v. Dunham, 273 Mo. 414, 428. (2) Plaintiff offered instruction numbered 6, which was refused by the court, and it should have been given. Dillon v. Hunt, 105 Mo. 154, 163; Bright v. Thatcher, 208 Mo. App. 301, 314; Carroll v. Railway Co., 88 Mo. 239. (3) Plaintiff offered instruction numbered 7, which was refused by the court and it should have been given. Owens v. Railroad, 95 Mo. 169, 182; Brown v. Railroad, 66 Mo. 588; Delaplane v. Kansas City, 109 Mo. App. 107, 113; Smart v. Kansas City, 208 Mo. 162, 206. (4) Wilkerson v. Sedalia, 105 S. W. 877, is a case where the injury occurred exactly like the present case.

197 Mo.—12

*Holland, Rutledge & Lashly* for respondent.

The verdict of the jury in favor of the respondent was in favor of the right party. The lower court should have given the peremptory instruction asked by the respondent at the close of all the evidence. Where a verdict is for the right party it will be affirmed on appeal regardless of whether the issues were or were not properly submitted to the jury by the instructions of the trial court. Trainer v. Mining Co., 243 Mo. 359.

RAILEY, C.—This action was commenced by plaintiff, Lou Breen, in the Circuit Court of the City of St. Louis, on January 19, 1921, to recover damages of the defendant, Johnson Brothers Drug Company, a Missouri corporation, for personal injuries alleged to have been sustained by her on December 14, 1920, by falling on a sidewalk at the southwest corner of Seventh and St. Charles streets, in the city aforesaid, in front of defendant's place of business, as lessee.

She alleges in her petition that while walking along the above sidewalk, a cane, which she was compelled to use in walking, went into a small hole where the glass had been broken out of the sidewalk light in front of the building occupied by defendant, which caused her to fall and sustain the injuries complained of in the petition. It is alleged that the sidewalk light aforesaid was allowed and permitted to be put in said sidewalk for the use and benefit of the building occupied by defendant, and the tenants and lessees of said building; "that the hole caused by glass in the frame work of said light which was broken out and into which plaintiff's cane went, had existed for some time prior to the time of plaintiff's fall, and so long that the defendant knew, or by the exercise of ordinary care could have known, of said defective condition of said sidewalk on account of the holes in the sidewalk light as aforesaid, and that said sidewalk, on account of the holes where the glass had been broken out of the frame work in said sidewalk light, was danger-

ous and was not reasonably safe for the use of pedestrians in passing along and using said sidewalk. Plaintiff further says that the injuries which she sustained in the manner aforesaid were directly caused on account of the negligence of the defendants in allowing and permitting the sidewalk to remain in a defective condition by failing to repair it where the glass had been broken out of the framework in the sidewalk light which caused the holes into which plaintiff's cane went and caused her to be injured, and which said condition the defendants knew, or by the exercise of ordinary care could have known, and negligently failed to repair.'' She prayed judgment for $15,000, etc.

The petition likewise alleges ''that plaintiff, Lou Breen, served notice on the mayor of the city of St. Louis, Missouri, on the 19th day of January, 1921, and within ninety days of the date of the accident, as provided by Section 6904 of the Revised Statutes of the State of Missouri for the year 1919, setting forth that she would claim damages against the city of St. Louis on account of the injuries which she sustained as alleged on the 14th day of December, 1920, caused by falling on a sidewalk at the southwest corner of Seventh and St. Charles streets, and setting forth the manner in which she was caused to fall, and the injuries which she sustained, and that she would claim damages against the city on account of the injuries so sustained.''

The amended answer, on which the case was tried, contains a general denial, and the following: ''Further answering, defendant states that if on the occasion mentioned in plaintiff's petition, plaintiff fell by reason of placing her cane in a hole in the sidewalk, mentioned in her petition, such injuries were directly due to negligence on the part of plaintiff in failing to exercise ordinary care to observe her whereabouts, and in failing to exercise ordinary care thereafter to avoid placing her cane in such a manner as to cause her to lose her balance and fall.''

The reply is a general denial of the new matter pleaded in said answer.

Appellant testified, in substance, that she was injured on the sidewalk described in her petition, in front of the property occupied by defendant, on December 14, 1920; that she was injured a little after three o'clock in the afternoon; that she was on the west side of Seventh Street going south, and had just crossed St. Charles Street and stepped on the sidewalk in front of defendant's premises; that her cane went down in the hole; that she was walking with the cane in her right hand; that it went down in the hole, she lost her balance, while depending on the cane for support, and fell forward full length on the sidewalk; that after she fell on the sidewalk she didn't notice anything; that the cane was still in her hand and down in the hole; that she couldn't get up, screamed and was carried into defendant's drug store, by two gentlemen; that she was taken to the City Hospital, and after being treated was taken home. She detailed her injuries, suffering and the medical treatment which she received. She testified that before the accident on December 14, 1920, she had used a cane for two or three years on the outside, but not in the house. She described her former injuries, and said she was still a cripple therefrom.

On cross-examination, plaintiff testified that, after falling, she did not look at the sidewalk where she fell; that up to within three weeks of the trial herein, no doctor had examined her leg or otherwise for treatment after she left the City Hospital. She testified her cane was a broom handle that was cut off, and a rubber put on the end of it.

Margaret Hillenkoetter testified that on December 14, 1920, she was working for defendant at its drug store above described; that she saw plaintiff, when the latter was brought into the drug store after her fall. She was shown plaintiff's Exhibit A, and said it was a fair representation of defendant's place of business. Her attention was called to certain dots or holes described on Exhibit A, as being in the sidewalk; that she noticed one of them and the photograph gives a fair representa-

tion of them; that she had noticed these holes there about two weeks before the accident.

On cross-examination she testified that she commenced work for defendant in August, 1920, and was notified on December 18, 1920, that her services were no longer needed. She admitted that Exhibit A only showed one hole marked "E," with a circle around it, while the other places thereon were dark spots. She testified that she did not go out to look at the sidewalk on December 15th, 16th, 17th, and went home on the 18th; that she did not look at the sidewalk on either December 10th, 11th, 12th or 13th, 1920.

On re-examination, she said that at the time of the accident there were holes in the sidewalk where these dots appear in Exhibit A.

Conrad Cohnheim testified, in behalf of plaintiff, that he was a photographer and took Exhibit A on December 15, 1920; that those black dots on Exhibit A, between "C" and "D" and "E," were holes in the sidewalk with the glass broken out; that he observed these holes when the picture was taken.

Wm. Schmeider, inspector of buildings in St. Louis, testified that the basement of the building occupied by defendant on October 13, 1921, extended toward the street past the building line nine feet and ten inches, and the sidewalk was over the latter. It was admitted that defendant used the lights in the sidewalk.

Leaving out of consideration the evidence in regard to plaintiff's alleged injuries, the foregoing covers all her evidence in chief. Defendant thereupon offered a demurrer to plaintiff's evidence in chief, which was overruled.

Fred W. Klunge, Jr., was a retail cigar dealer in defendant's place of business. He testified that it was a part of his duty as manager of defendant's business to look after the sidewalk aforesaid; that every week defendant's elevator man was required to inspect this walk, and fix it if it needed repair; that if one of the glass disks should be out, it was Crawford's duty to put cement

in the opening, and he did so, and mixed his own ingre-dients; that from time to time he (witness) looked over the sidewalk; that on the Tuesday previous to the ac-cident, Crawford plugged the holes with cement; that he had no knowledge of any holes being in the sidewalk on December 13 or 14, 1920. He testified that he talked with plaintiff when she was brought into the drug store, and she said she was in poor shape and should have used better judgment than to have attempted to come down town alone.

On cross-examination witness said that, when plain-tiff was brought in the store, he stepped outside and saw nothing wrong with the walk; that he saw no holes at that time; that he went out the second time and there were several holes in the walk.

Frank Daschel was city sidewalk inspector, and had been so engaged about twelve years. He testified that the sidewalk in question was under his supervision and personal inspection; that he would see said walk two or three times a week; that he examined it on Monday De-cember 13, 1920; that before the accident he saw one or two very small holes in the sidewalk; that he notified defendant, and it was fixed within the next twenty-four hours; that the two holes were about one inch at the bottom; that these were the smallest-size glass dials of any walk in the city; that they are the smallest glass dials that are used; that they are one and one-quarter inch at the top, and taper down to one inch at the bottom.

Thomas C. Crawford testified that he ran the elevator for defendant in December, 1920, and fixed the holes in above sidewalk; that he would always do it on Sunday morning; that if he found any holes he would plug them with cement on the same day he saw them; that he was not aware of any holes there at time of accident; that he went there the next morning after the accident and saw a few holes around there; that there was new glass which had been pushed through by somebody; that the holes were three or four feet from defendant's drug store and toward the St. Charles Street entrance, and

toward the St. Charles Street side; that he looked for holes on the Seventh Street side the next day after the accident and did not see any there; that he repaired holes there the week before the accident.

C. P. Johnson, president of the defendant company, testified that Crawford ran the elevator, and it was his duty every Sunday to look over the sidewalk, and if he found a hole to fill it with cement; that he was at the store nearly every day; and looked at the sidewalk as he went in and out; that he saw plaintiff when she was brought into defendant's store on day of accident. While there, she said she had been sick for quite a while, and was very weak; that she really had no business coming down town; that she was not strong enough to come down, and should not have come down; that she said nothing about any hole in the sidewalk; that he had no knowledge of any hole being there on day of accident.

Frederick D. Hampson, president of the Hampson Photographic Company, who had been in the business for twenty-six years, testified that he took two pictures of the sidewalk in controversy within a few minutes of each other, and which were offered in evidence as defendant's Exhibit I-A and I-B. Only a few small white dots appear in I-A, and in I-B there are ten or twelve black spots. He testified that the latter were produced by moistening a rag and touching the top of the glass, which appears dark in the second picture. He gave it as his opinion that the black spots in plaintiff's Exhibit A do not represent holes, but depressions made by moisture.

Plaintiff denied having made the statements testified to by Johnson, and offered in evidence the cane which she was using at time of accident. She said the lower part of the cane was made from a broom stick and the other part made from an umbrella top.

The foregoing covers substantially the testimony in the case.

The jury returned a verdict—ten of the panel voting therefor—in favor of defendant. Plaintiff filed a

motion for a new trial, which was overruled, and she appealed the cause to this court.

I.   The petition in this case alleges that defendant, as tenant and lessee, occupied the building at the southwest corner of St. Charles and Seventh streets in St. Louis, Missouri, and that it was guilty of negligence in permitting a small hole to remain in the sidewalk in front of said property, by reason of which plaintiff's cane, which it was necessary for her to use in walking, went into said hole, where glass had been broken out, caused her to fall, and sustain the injuries complained of in petition. It is not claimed that defendant, or any of its employees, produced said hole, or in any manner aided in producing the same.   On the contrary, plaintiff, in her petition, seeks to recover damages from respondent on the theory that it impliedly was under obligation to keep said walk in repair.   Even if there had been an ordinance of the city of St. Louis in existence requiring the defendant to keep said walk in repair, it would not have afforded the plaintiff a right of action against defendant in view of the facts aforesaid.

In Russell v. Sincoe Realty Co., 293 Mo. 428, 240 S. W. 147, plaintiff sued the abutting owner for damages which she sustained, on account of snow and ice having been negligently permitted to remain on the sidewalk adjacent to said property, in violation of a city ordinance, which reads as follows:

"Section 563.   *Snow, etc.—Repairs.*   It shall be the duty of all persons owning or occupying any real property fronting upon any street to keep the sidewalk, curbing and guttering in front and alongside of said property and on the same side of the street in good repair and order, and to clean the same, and remove from any such sidewalk, curbing and guttering all ice, snow, earth or other substance that in any wise obstructs or renders the same dangerous, inconvenient or annoying to any person."

Plaintiff's case was based upon the violation of said ordinance. She was represented by able counsel, who thoroughly briefed the case and orally argued the same here. The trial court sustained a demurrer to the petition, and its action in so doing was upheld by this court. WHITE, J., in a clear and well considered opinion, on page 147, among other things, said:

"'The plaintiff with commendable directness thus states the issue: 'This case presents the sole proposition whether or not the violation of the ordinance referred to can be made the basis of a civil action for damages by one injured as a direct result of such violation.'

"'The following passage from Shearman & Redfield on Negligence, Section 343, is quoted with approval by this court in the case of Ford v. Kansas City, 181 Mo. 137, l. c. 147, 79 S. W. 923, 926: 'An abutting owner, as such, owes no duty to maintain the street or sidewalk in front of his premises, and is not responsible for any defects therein which are not caused by his own wrongful act. . . . The fact that he violates a city ordinance, which requires abutting owners to remove snow and ice from the sidewalk in front of their premises within a certain time after their accumulation, does not render him liable to one injured by falling upon such snow and ice, nor to the city which had suffered judgment for the same injury.'

"'The passage quoted states the law as determined by this court in numerous cases. [Norton v. St. Louis, 97 Mo. 537, 11 S. W. 242; St. Louis v. Conn. Mut. Life Ins. Co., 107 Mo. 92, 17 S. W. 637, 28 Am. St. 402; Baustian v. Young, 152 Mo. 317, 53 S. W. 921, 75 Am. St. 462; Hilliard v. Noe, 198 S. W. (Mo. App.) l. c. 436; 19 R. C. L. sec. 180, p. 880.]" WHITE, J., on page 149, further observes:

"No negligence is attributable to a person for allowing snow and ice to accumulate and remain upon a sidewalk. The negligence is that of the city, and the city cannot saddle that obligation upon the property owner.

"It does not matter whether you call an ordinance of that kind a police regulation or not. It is not the name you apply to the regulation nor the power exercised in ordaining it, but the relation of the regulation to the duty of the person affected, which determines liability. It is a rule universally recognized that one is forbidden to create a dangerous condition in a thoroughfare where other persons might be injured by reason of it. A statute or an ordinance regulating one's conduct in such matters merely defines the care which shall be exercised to prevent injury by reason of his active, positive agency. While the city may compel a citizen to remove snow and ice and make a sidewalk safe, he obeys the requirements as an instrument of the city, not as his primary duty. His failure to do it would be failure of the city.

"The demurrer to the petition was properly sustained, and the judgment is affirmed."

The defendant here, was simply a tenant, and no claim is made that it produced the hole which caught plaintiff's cane and threw her down. The jury returned a verdict for defendant, and judgment was entered accordingly. In view of the ruling in the Russell Case, supra, there can be no recovery on the facts disclosed in this record. Defendant's demurrer to the evidence should have been sustained.

II. Aside from the foregoing, even if it had been the duty of defendant to keep said walk in repair, we are of the opinion that, in the exercise of ordinary care, it was not bound to anticipate that a hole one inch in diameter, in a sidewalk otherwise safe, would result in injury to any one like that sued for in this case. [Zasemowich v. Am. Mfg. Co., 213 S. W. (Mo.) 1. c. 803 and cases cited.]

III. Regardless of any alleged errors complained of herein, the judgment below was for the right party, and is accordingly affirmed. *Davis* and *Higbee, CC.*, concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.