Sandretto v. Q., O. & K. C. R. R. Co.

ANGELINA SANDRETTO, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.*

Kansas City Court of Appeals.    November 10, 1924.

1. **APPEAL AND ERROR:** Objections to Printed Abstract of Record Held Waived by Failure to Comply with Rule with Respect Thereto. Objection that printed abstract of record did not show application and affidavit for appeal was waived by respondent's failure to comply with amendment to rule 15, requiring objections in writing with respect thereto to be served on appellant.

2. **DISMISSAL:** Nonsuit: On Motion to Set Aside Involuntary Nonsuit, Plaintiff Entitled to Every Reasonable Inference Which Might be Drawn from Evidence. Upon motion to set aside involuntary nonsuit, plaintiff is entitled to benefit of every inference which might be reasonably drawn from all the evidence.

3. **APPEAL AND ERROR:** Where Judgment Attacked for Insufficiency of Evidence, Appellate Court Will Not Interfere When Entire Evidence is Not Presented in Abstract. Where validity of judgment is attacked upon the ground of insufficiency of evidence appellate court will not convict trial court of error when entire evidence is not presented in abstract.

4. **RAILROADS:** Duty of Railroad Under Statute to See That Its Occupancy of Street is Not Allowed to Negligently Interfere with Its Safe Use by the Public. Under section 9945, Revised Statutes 1919, railroad company is required to reconstruct and repair the part of sidewalk which it crosses and must see that its occupancy of street is not allowed to negligently interfere with its safe use by the public.

5. **NEGLIGENCE:** In Action for Damages for Injuries Resulting from Defective Sidewalk Crossing Railroad Right of Way, Evidence Held to Justify Setting Aside Nonsuit. In action against railroad for damages for injuries sustained as result of negligence in permitting sidewalk crossing its right of way to be and remain defective, evidence *held* to justify trial court in setting aside nonsuit.

*Corpus Juris-Cyc. References; Appeal and Error, 4CJ, p. 402, n. 59; p. 535, n. 8. Dismissal and Nonsuit, 18CJ, p. 1213, n. 13 New. Railroads, 33 Cyc., p. 926, n. 71; p. 1100, n. 11.

Appeal from the Circuit Court of Adair County.—*Hon. J. A. Cooley,* Judge.

AFFIRMED.

*J. E. Reiger* and *Frank & Stewart* for respondent.

*Campbell & Ellison, W. E. Shirley* and *J. G. Trimble* for appellant.

TRIMBLE, P. J.—Osteopathy Avenue in Kirksville is a public street which runs north and south, and the defendant's main track crosses said avenue almost at right angles. A sidewalk extends along the east side of Osteopathy Avenue and is of concrete throughout except that portion of the sidewalk within a short distance of the rails of the main track on either side and between the rails. This consisted of heavy wooden planks, and was slightly elevated above the concrete portion.

In walking south along the east side of said Osteopathy Avenue on said sidewalk, the plaitiff, while attempting to cross the aforesaid track, was caused to fall heavily upon the rails and be injured, for which she brought this suit.

She alleged in her petition that it was the duty of defendant "to exercise reasonable and ordinary care to keep and maintain the sidewalk crossing its right-of-way along the east side of Osteopathy Avenue, including the wooden walk between the rails of its track as aforesaid, in a reasonably safe condition for pedestrians to travel thereon in passing over said right-of-way and track."

The petition further alleged that "defendant carelessly and negligently allowed and permitted the planks in said sidewalk on the east side of Osteopathy and between the rails of its track as aforesaid to become and remain out of repair and dangerous and unsafe to persons traveling along said sidewalk, in this to-wit, that defendant suffered and permitted the planks in said sidewalk between the rails of its track aforesaid and at the point aforesaid to become loose and unfastened to the timbers or stringers and carelessly and negligently suffered and permitted the planks in said sidewalk to separate and form a crack or crevice between the planks in said sidewalk, which said crack or crevice was more than

three inches wide in the surface of said sidewalk; that defendant carelessly and negligently suffered and pei·mitted said sidewalk between the rails of its track afore·said to be and remain in the condition aforesaid when it knew or by the exercise of ordinary care it could and would have known of the dangerous and unsafe condition of said sidewalk in time to have repaired the same and avoided the injury to plaintiff as hereinafter alleged.''

That ''on or about the 23rd of February, 1923, she was passing southward across defendant's right of way over said sidewalk at the point aforesaid, and by reason of the carelessness and negligence of defendant in suffering and permitting said sidewalk on its said right of way between the rails of its track as aforesaid to become and remain out of repair as aforesaid, the plaintiff without fault or negligence on her part caught her heel in the crack or crevice between the planks in the sidewalk and by reason thereof plaintiff was violently thrown on said right of way'' whereby she was injured, etc.

The answer was a general denial.

The evidence tended to show that plaintiff's fall occurred about five o'clock in the evening, as plaintiff was going south from her home (some two or three blocks from the railroad) to the store where she usually did her buying; that the wooden portion of the walk began at or near each of the rails and continued also between the two rails; that there was a crack or crevice between the boards in which her right heel caught and ''the board flopped up'' catching her left toe and she was thrown down in the direction she was going, her body striking heavily upon the south rail, injuring her. The record discloses that she indicated, by an X on a photograph shown her, the place where she caught her heel. Plaintiff testified that the photograph showed the condition of the walk at the time of her fall; that she never noticed the crack before and did not notice it then until after her heel caught therein; that her heel was a short heel and straight, about as large at the bottom as at the top; that

the crack was about a foot from the rail, the board that flew up not being the one next to the north rail but the second board from the rail. The crack was about three inches in width extending toward the center of the walk and narrowing to a point. A witness for plaintiff testified that the crack was there in December, 1922 (some two months or more before the injury) ; that she had her small baby with her and in going across the railroad she noticed the crack and it was then in the same condition as at the trial.

Another witness, a man, was walking some eight or nine feet behind plaintiff and he swore that her heel caught in the crack as she was crossing the railroad on the sidewalk, the crack being about three inches wide and about two and a half feet long, and about four inches distant from the rail; that she was between the rails when she fell. On cross-examination, he said he was not looking at her foot and did not see her heel go into the crack, but he saw the board come up when she fell.

At the close of the evidence in plaintiff's behalf, the trial court being about to give to the jury a peremptory instruction to find for defendant, plaintiff took an involuntary nonsuit with leave to move and to set the same aside. This motion, being afterwards filed, the court sustained; whereupon defendant appealed.

Respondent has filed a motion to dismiss the appeal. We have examined the appellant's abstract and find that, contrary to respondent's contention, said abstract does show the filing of a petition and answer in said cause and also what they contain. It also shows the filing of a motion to set aside the nonsuit as well as the court's action thereon in sustaining the same. In addition to this the clerk's certified copy of the judgment and order allowing appeal shows and sets out the final judgment in said cause and also the fact of the application and affidavit for an order allowing appeal. [State ex rel. v. Little River Drainage District, 271 Mo. 429 ; Monroe v. Chicago, etc., R. Co., 219 S. W. 68, 69.] Whether the printed abstract of the record does or does not show the applica-

tion and affidavit for appeal, yet, as respondent did not comply with amendment to Rule 15 adopted March 3, 1924, by serving objections in writing on appellant as therein required, the objection here being considered is, under said Rule as amended, waived.

Proceeding now to the merits. It is urged by appellant that as there is no affirmative statement in the testimony as to whether the railroad was built before or after Osteopathy Avenue was opened or that defendant laid or maintained the sidewalk where the fall occurred, the trial court should not have sustained the motion to set aside the involuntary nonsuit; furthermore, that there was no evidence of negligence on defendant's part and hence the court's action was error on that account.

It seems to us that defendant's first contention loses sight of the fact that in considering whether the court could rightfully set aside the involuntary nonsuit, the plaintiff's right in that regard does not have to rely upon any presumption whatever, but that plaintiff is entitled to the benefit of every inference which might be reasonably drawn from all the evidence, which, for the purposes of the question here considered, must be taken as true. [Harris v. Hannibal, etc., R. Co., 89 Mo. 233.] Moreover, it is manifest that appellant's abstract does not present the evidence in its entirety but is only an "abridgment" thereof. In addition to this, a photograph was in evidence in the trial court which it is conceded correctly showed the situation and conditions at the place and time in question, but said photograph is not in the record. Where the validity of the judgment is attacked upon the ground of the insufficiency of the evidence, an appellate court will not convict the trial court of error when the entire evidence is not presented in the abstract; and it is not incumbent upon the one who has recovered the judgment to maintain it. The burden of showing its invalidity is on the one attacking the judgment. [Gooden v. Modern Woodmen of America, 194 Mo. App. 666, 676.] Aside from and without regard to this last however, it seems to us that, considering all

the circumstances and conditions which are shown, we cannot say that, conclusively, there is no evidence in the case from which it could be reasonably inferred that the sidewalk made of plank immediately next to and between the rails as a crossing over the track was kept or maintained by the defendant. In this case the evidence shows that the railroad *crosses* the street. Defendant is not an abutting property owner with the sidewalk running alongside of and contiguous thereto. Such was the situation in Wright v. Hines, 235 S. W. 831. The railroad in that case ran east and west through Pierce City, and Locust street ran south to Halstead Avenue crossing an east-and-west creek some distance south of the railroad. A tract of ground on the east side of Locust street and between the railroad and the creek was owned by the railroad on which it had built a section house and inclosed it with a fence in line with the east line of the street and the other fence and property lines running to the creek. Alongside this inclosed piece of property was a board walk (which had been built by the railroad), connecting with a chat and cinder sidewalk which continued to the bridge. This bridge and the sidewalk thereon as well as Locust street, was maintained by the city. The plaintiff in that case fell and was injured on the board sidewalk alongside the inclosed section house property which sidewalk defendant had built. It was held, under such circumstances, that if "Locust street, where the accident occurred, was a public street, and the sidewalk a part thereof, and had been so accepted by the city, then defendant is not liable in this case, although it may have built and maintained the sidewalk on which the plaintiff fell and was injured. A property owner owes no duty to the public to repair and maintain in a safe condition a sidewalk abutting his property. His obligation is to the city, and the obligation to the public rests on the city and not on the abutting property owner. [Norton v. St. Louis, 97 Mo. 537, 11 S. W. 242; St. Louis v. Insurance Co., 107 Mo. 92, 17

S. W. 637, 28 Am. St. Rep. 402; Baustian v. Young et al., 152 Mo. 317, 53 S. W. 921, 75 Am. St. Rep. 462.]''

In Breen v. Johnson Bros. Drug Co., 248 S. W. 976, defendant, as tenant and lessee of a building abutting upon a street, was charged with negligence in permitting a small hole to remain in the sidewalk in front of the property which caused plaintiff to fall. The Supreme Court held there was no cause of action since ''an abutting property owner, as such, owes no duty to maintain the street or sidewalk in front of his premises, and is not responsible for any defects therein which are not caused by his own wrongful act.''

The case at bar is, however, vastly different from these and similar cases cited by defendant. The law requires the defendant, where it crosses a street to construct and maintain its crossings so that they may be in a reasonably safe condition for travel. (22 R. C. L., secs. 219, 220, pp. 991, 992); also to construct, *reconstruct and repair* the part of the sidewalk which the railroad crosses. [Sec. 9945, R. S. 1919.] Defendant's property in this case does not passively lie along the side of the street, but actively occupies it, and the railroad is in duty bound to see that its occupancy thereof is not allowed to negligently interfere with its safe use by the public. [City of Independence v. Missouri, etc., R. Co., 86 Mo. App. 585, 591.]

We cannot agree with the contention that, conclusively, there was no negligence shown; or that the manner in which plaintiff was caused to fall is so contrary to physical laws as to be wholly unworthy of belief. Neither can we agree that it was *solely* the loose board which caused her to fall. There was ample evidence that the *crack* had been there for a sufficient length of time to have afforded defendant constructive notice of it. And the jury could well say that the board was caused to fly up by the heel getting into said crack and pulling the board up as the heel was being removed. It may very well be that the evidence is not as full, explicit, or definite as it should be, but it sufficiently presents a situation

from which a jury could reasonably find facts which would support the cause of action alleged. We feel that we are without warrant in saying that conclusively no cause of action was shown. The judgment of the court setting aside the nonsuit and awarding a new trial is, therefore, affirmed. All concur.